KELLER & BENNETT v. TRACY and THE CATHOLIC CHURCH.

1. MECHANIC'S LIEN: PARTIES. The proprietor of the property on which a mechanic's lien is sought to be established is a necessary party to an action for that purpose.

2. ACTIONS AGAINST CHURCHES. If a church is incorporated, actions against it should be in its corporate name: if not its individual members may be sued collectively, under section 1680 of the Code of 1851, when they are so numerous that it is impracticable to make each member a party.

<em>Appeal from Pottawattamie District Court.</em>

WEDNESDAY, APRIL 17.

THE case made by the original and amended petitions is, that in the summer of 1858, the plaintiffs sold $297,32 worth of pine lumber to the defendant Tracy, who was a Catholic priest and an authorized agent to purchase the same for the Catholic Church at Council Bluffs, under a contract that it should be used in the erection of a church building on lot X in Block 15 in Bayliss' first addition to the town of Council Bluffs; and that it was delivered and applied for that purpose; that the legal interest or title of the lot in question was in the Catholic Bishop residing in Dubuque, and the equitable interest in the Catholic Church at Council Bluffs; which is

asked to be made a party as a *church*, the members thereof being too numerous to be made parties by name. And upon this statement a mechanic's lien judgment was asked for the amount of the claim, against the premises described. A demurrer to the sufficiency of the plaintiffs' petition was sustained. Judgment for the defendants and the plaintiffs appeal.

*Frank Street* for the appellants.

*Williams & Tuttle* for the appellees.

LOWE, C. J.—The petition is substantially defective, and a judgment upon it could be of no practical benefit to the plaintiffs. The object of the suit was to establish a mechanic's lien in the form of a special judgment, as contemplated by the provisions of the mechanic's lien law, against the premises on which the lumber sold, constituting the plaintiff's claim, had been used in the erection of a church building; to the end, if necessary, that the same should be sold to satisfy the judgment. To make such sale effectual in law, the proprietors of the property should not only be privy to the contract of sale, but parties defendant to the action.

The church if incorporated, should have been sued by its corporate name. If not, the individual members of the church might have been sued collectively, or under section 1680 of the Code of 1851, if they were too numerous and it was impracticable to bring them all before the court, then one or more could have been sued, who could have defended for the whole, provided Tracy acted as their agent. In either event, whether against the corporation as such, or against the individual members of the church, the Catholic Bishop holding the legal title should also have been made a party.

None of these things were done. The Bishop was not made a party. There is no allegation that the church is or was incorporated, or that it is sued by its corporate name. The defendant, Tracy, is represented as a Catholic Priest,

and an agent duly authorized to purchase of the plaintiffs their lumber, but his connection with the church as a member thereof is not averred, nor does the petition show that he had any interest in the subject matter of the suit other than as a mere agent. His principals, therefore, and not he, should have been made the parties to the suit in order to establish a mechanic's lien against the property specified.

Judgment affirmed.