## ACTIVITIES OF STRIKERS LIMITED BY INJUNCTION.

Common Pleas Court of Cuyahoga County.

THE STATLER COMPANY v. HOTEL AND RESTAURANT EMPLOYEES' INTERNATIONAL ALLIANCE AND BARTENDERS' INTERNATIONAL LEAGUE OF AMERICA ET AL.

Decided, January 21, 1914.

*Strikes—Injunction Against Demonstrations by Hotel and Restaurant Employees of a Character Injurious to Their Late Employer—Picketing Permitted but in a Modified Form—Principles Applicable in Cases of Labor Trouble—In Actions Growing Out of Such Trouble One or More May Sue or Defend for All, Where Unincorporated Associations Are Involved—Section 11257.*

During a strike of employees of a hotel, the activities of the strikers in the immediate vicinity of the hotel may be limited by injunction to the maintenance of two pickets on each street upon which the building fronts, who must not approach nearer the building than the middle of the street, or conduct themselves in other than a peacable manner, and they may not circulate cards containing language derogatory of the hotel or its service, or announce that a strike is on in other than a moderate tone of voice. And crowds of strikers and their sympathizers may be enjoined from gathering within the limits mentioned, or from indulging in boisterous conduct, or jostling or interfering with guests or employees entering or leaving the building.

LAWRENCE, J.

Where an injunction is sought in controversies between employers and employees which have resulted in a strike by the

latter, little aid is usually to be derived from an examination of the decisions of courts in other similar cases, for almost always the question comes to the application of well established principles to the facts of the particular case. Fundamentally, the principles which apply in a case like this are the same as apply in any other case in which it is claimed that individual or property rights have been injuriously affected or interfered with in such manner as to make the ordinary legal remedies inadequate.

There is no question of the right of the former employees of the Statler Company to strike and quit their employment, or of their right to use peaceable argument and persuasion to induce others not to accept employment in their places. They also have the right, by fair and peaceable means, to advise or persuade those who have accepted such employment, to quit the same, there being no proof of any attempt to induce such persons to break a contract for a definite term of service.

On the other hand, there can be no question that the strikers or others associated with them, have no right to use threats, violence, intimidation or coercion to accomplish these objects. Nor have they a right to obstruct access to their former employer's place of business, or to threaten, insult or unreasonably interfere with its guests or patrons in any way, nor have they the right to cause wanton or wrongful injury to the business or property of the plaintiff, or to join together with the motive or intent of causing such injury.

In my opinion, the weight of authority supports the right of strikers, as an incident of their right of persuasion, as well as a means of obtaining information, to maintain what are called "pickets," provided such pickets are limited in number, and the picketing is carried on in a peaceable and lawful manner without violence, threats or intimidation, without obstruction to the premises of any other person, and without annoying others or causing a nuisance in the vicinity by loud cries, noise or other disturbance. In other words, whether picketing in a given case is lawful or otherwise, depends on the manner in which it is carried on. In this case the evidence shows that since the 16th day of December last there have been shifts of ten to

fifteen men regularly employed and paid as pickets, who during much of the time, from about five o'clock A. M. to one o'clock A. M. of the following day, walk back and forth upon the sidewalk on Euclid avenue in front of the Statler Hotel, calling out and shouting in loud tones of voice that the hotel is unfair to organized labor, besides many other things reflecting on the hotel and its employees, which I can not now state accurately. That in addition to the regularly employed pickets, there are at times large numbers of volunteers who join in, thus marching back and forth and shouting. That occasionally guests, as they are entering the hotel, have been obstructed by some of these men. That there are also some five sandwich men, so-called, who march in front of the hotel carrying banners with inscriptions thereon uncomplimentary to the hotel and its employees, and that Mr. Farrell, the business agent of the Local Union No. 106, is present during a good part of each day, and has general charge of what has been done. In addition to what I have already stated, these pickets distribute cards to guests and passers by, insinuating that there is danger of poison being placed in food served within the hotel. Some few of the waiters who took the place of strikers had such relations with the men on picket duty that they were able to go outside of the hotel and, perhaps, about the city, but the greater number of such employees have been substantially prisoners within the hotel, because of threats made against them and of actual violence committed on a few of their number who did venture to go outside.

The result of all this has been an almost continuous noise and confusion in the vicinity of the hotel by means of which its guests have suffered annoyance, and their rest at night has been disturbed, and this noise was of such a character that it must also have been an annoyance to persons on the street or in other buildings in the neighborhood. Necessarily, too, the congregating of so many men upon the sidewalk in front of the hotel must be an obstruction to persons desiring to enter or leave the hotel, as well as to persons passing by on the sidewalk.

I can have no doubt that those who are carrying on this strike have gone beyond their legal rights in much that has been done, and that the necessary tendency of their acts is to unlawfully

and wrongfully injure the business and property of the plaintiff.

It has been argued, however, that no substantial damage has been shown by the hotel company, inasmuch as its business has continued, and its available rooms have been well occupied. The patronage of this hotel, coming from persons who can afford to pay the prices charged there, may of such a character that not many of its guests have a very altruistic interest in the questions at issue between the hotel and its former employees, but still I can not see why there would not be some loss of business. Certainly what has occurred is calculated to have that effect, and it has been shown that the business of the restaurant and bar has been diminished; besides, there is the loss of the use of the guest rooms occupied by the present employees and the expense of employing a number of dectectives or guards.

There is another question to be considered before coming to a final conclusion whether an injunction shall be issued, and that is whether such injunction is necessary. It is always to be regretted when a court is called upon to interfere in a case of this kind, not only because of the difficulty of defining definitely the rights of the parties in a decree which must be drawn in general terms, and also because of the inadequacy of the means which the court has to supervise or enforce compliance with its orders, and I think that an injunction should never be granted in a labor dispute where the acts complained of are covered by penal statutes or ordinances, and the police department and police court are able and willing to perform their respective duties.

Undoubtedly, some of the things which have been done here in violation of the rights of the plaintiff are not within such statutes or ordinances, but it does seem to me that there has been disorderly conduct and obstruction of the sidewalk in front of the hotel which could have been prevented by the police. An ample force of policemen were detailed for duty, but they seemed to feel that they were merely umpires in a game played without rules.

I think, therefore, that a temporary injunction must be granted in the respects I shall presently explain, but it is necessary first to determine against whom the same shall run.

. It is argued on .behalf of some of the defendants that the unincorporated volunteer associations are not proper parties to this action. I think that is true, technically speaking, so far as the organization by its accustomed name is concerned. I think that is true, because under our statute there is no authority for bringing such an association by any process before the court unless it partakes of the character of a partnership.

I think, however, that counsel go too far when they say that the principle of Section 11257 of the code does not apply in a case like this. This section provides:

"When the question is one of common or general interest of many persons, and the parties are very numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

Now, our Supreme Court has spoken of that statute in the 50 O. S., page 703. I read from page 712:

"Though such associations are not corporations, they possess some of the attributes of corporations, and in these respects differ from ordinary mercantile co-partnerships. They can sue and be sued in the name of the president or treasurer, and their capital stock is represented by stock certificates which are transferable. The death of a member or transfer of his shares does not dissolve the company, which is thus made capable of perpetuity like a corporation, and it can so hold real or personal property. While the petition does not in terms aver that it is impracticable to bring all shareholders before the court, the impracticability of doing so appears from the allegations as to the nature of the association and the number of its shareholders. * * *

"We see no reason why a judgment against the plaintiff will not be binding upon all whom he represents, or judgment in his favor enure to their benefit. Each stockholder by becoming a member of the association gave his consent as to that rule of its being, that suits in its behalf might be prosecuted according to the law applicable to it, and the judgment in any action so prosecuted with such consent, must necessarily operate upon all as if they were named in the suit."

Now, in *Bates Pleading and Practice,* the first volume, page 70: ·

"As an unincorporated association can not sue in its own name unless it can come in under the partnership statute; it must sue in the name of its members, and if these are too numerous to be brought on the record, the class suit statute applies.

"The section applies although another statute provides that the association could sue in the name of its president. The rule applies to defendants, and all the members of an unincorporated association need not be brought in, but only enough to insure a fair trial. *Van Houton* v. *Pine*, 36 N. J. Eq., 133; *Keller* v. *Tracy*, 11 Iowa, 530. So an unincorporated labor union being made a party with one or more members in a representative capacity, an injunction served on the union and all its members. *Hillenbrand* v. *Trades Council*, 14 Oh. Dec., 628."

That, I think, is the same injunction that was involved in the case in the later volume of the Ohio Decisions on a proceeding for contempt which was reversed. This was the case granting the injunction, and I have seen no place where that has been reversed, at least on the point involved there.

Another case appears in 7th N.P.(N.S.), 49. I will read from the syllabus:

"One object of Section 5008, Revised Statutes, is to enable nondescript associations of persons to obtain a standing in court, without inordinate delay and expense, and it is sufficient, both for jurisdiction and for judgment, if the interest that is held in common be fairly represented by those who are in court."

The question in this case is, whether the rule is applicable to both the plaintiff and the defendant. I am not quite sure about that.

In Modern Law of Labor Unions, Sections 214 and 217, there are some remarks on this question. I read first from page 214:

"Technically, proceedings against an unincorporated labor union are proceedings against the members individually, and not in *solido* against the union, as in the case of incorporated societies, and while the union may sue or be sued by joining all the parties as plaintiffs or defendants, it can neither sue or be sued in its common name either at law or in equity in the absence of some statutory provisions authorizing such procedure."

Then I go forward to Section 217:

"In equity the rule in respect to parties to suits by and against unincorporated labor unions, is not so strict as in actions at law. Where the parties are numerous, a bill may be brought by a few of the members or officers in a representative capacity, in behalf of themselves and of other members, and a bill may likewise be maintained against a few of the members or officers, as representing the whole membership of the union."

Some cases are quoted which I have not examined. This being a suit in equity, the principles prevailing in courts of chancery may well be considered, and it seems to me that there can be no question that where a sufficient number of the members of a voluntary association have been brought before the court so as to be fairly represented, that the bill made against the persons present before the court will bind them and other members of the organization.

Having concluded that an injunction must be issued in this case, I will next speak of the scope of such injunction. In order to make the decree as definite as possible, so that it may be understood, I intend to divide the order into two parts:

First, as applicable to the territory immediately in front of the hotel on both streets, and extending to the middle of the street. Within that territory I think that the decree should definitely state, so far as it can be done, in words, just what can be done and what can not be done. As I have already indicated, I think that it is lawful to employ pickets, provided they are limited in number and they act in a peaceable way. It seems to me that not exceeding two pickets on each side of that building be allowed, that that would be ample to accomplish all ends to be accomplished by means of pickets. I think also that the persons on picket duty there should not be allowed to continually, or at any time, cry out in loud tones of voice, or make any sort of noise or disturbance; that they should not circulate cards containing any abusive language toward the hotel, or any insinuations with respect to the character of the food served in the hotel. Within the territory I have defined, there should be no obstruction to guests entering and leaving the hotel, and no further conversation with them except a mere announcement that a strike is on within the hotel, and that within the limits

I have mentioned there shall be no accosting, talking with or threatening in any manner the present employees of the hotel or any of them.

"MR. STRONG: Your Honor, you say they can not say anything but that there is a strike on?

"THE COURT: I think that is substantially all that should be said to any guests coming to or leaving the hotel, and that that should be done in a quiet manner, and not by getting around the guests on two sides."

Outside of this territory that I have mentioned, I think that a decree may be couched in more general terms, in the first place, that all persons to whom this injunction applies may be enjoined from congregating on the sidewalks in front of the hotel, either by standing or walking back and forth, for the purpose of interfering with, hindering, delaying or stopping the business of the hotel in any form or manner. That they may be enjoined from compelling, inducing, coercing, by threats, intimidation or violence, any of the employees of the plaintiff or any person or persons seeking employment, and also from compelling, inducing, coercing by threats, intimidation or violence, or attempting to induce or coerce by force or violence any of the employees of plaintiff to leave its service. If they keep far enough away from the hotel, they may carry any banners that the police will allow them to carry.

"MR. STRONG: Is that outside of the middle of the street?

"THE COURT: In that territory there will be no banners. If they bring banners up to the very edge of that territory, I shall enlarge the scope of the injunction to meet that. Perhaps I had better add a few feet to the territory mentioned."