DRAKE v. THE BOARD OF TRUSTEES OF THE NORMAL SCHOOL AT OSKALOOSA.

1. CORPORATION. The Board of Trustees of the Normal School at Oskaloosa, organized under chapter 72 of the Code of 1851, was not a body corporate with power to sue and be sued.

*Appeal from Mahaska District Court.*

SATURDAY, OCTOBER 6.

THIS action is brought for work and labor done, and materials furnished in and about the erection of a house for the use of said school. To the petition there was a demurrer which was sustained upon the ground that it failed to show that defendant was a natural person or a corporation capable of being sued. Plaintiff appeals.

*Wm Loughridge* for the appellant.

*Seevers Williams & Seevers* for the appellee.

WRIGHT J.—By the act of January 15th 1849, (Code, ch.

72) the State was divided into three districts, in each of which a Normal School was to be established for the education of common school teachers and others. These schools were located at Andrew, Oskaloosa and Mt. Pleasant. The designation of the boundaries of the districts was left to the Superintendent of Public Instruction. Each school was to be governed by a board of trustees, to be appointed by the Trustees of the State University. They were to meet on the first Wednesday in April 1849; and appoint a President, Vice-President and Secretary, and prepare a code of by-laws for the government of their body and rules and regulations for the government of their schools. To each school there was appropriated from the University fund, five hundred dollars annually, to be drawn quarterly, and expended in paying teachers, purchasing books, maps, charts, globes, chemical and philosophical apparatus and mathematical instruments; *provided*, that the friends of education should furnish not less than $500, to erect such buildings for the use of said schools as the said board of trustees might deem necessary. These trustees were required to report to the Superintendant of Public Instruction, the condition of the school, improvement of the pupils and state of the finances. Their annual meeting was fixed for the first Wednesday in October in each year, at which time they were to report the names of pupils qualified to teach common schools. On the 5th day of February 1851, an act was passed (Code p. 185) giving power to the Superintendent to appoint trustees for the normal schools not then organized, who were to perform the duties required by the third section of the Act of 1849, (Code, section 1181.)

The petition in this case alleges that the trustees were appointed for the school at Oskaloosa, that they met, organized as required by law, appointed their officers, prepared a code of by-laws, established rules for their government, and proceeded to erect the necessary buildings upon which the work was done, for which this action is brought. It is not

pretended or claimed however that there was any further organization, under the general incorporation or other law, than to meet and transact business in the manner contemplated in the statutes above cited. To hold that under such circumstances, plaintiff could maintain this action against defendant named, would be in effect to disregard the general laws of the State, upon the subject of corporations whether for pecuniary benefit or otherwise. There is no provision of law any where, that either expressly or by implication, recognizes the defendant sued in this case, as a body capable of suing or being sued. And so far as name given is concerned, the plaintiff might as well have sued "The Normal School at Oskaloosa" or "The Normal School for the third district" (if that is the proper number as designated by the Superintendent) "or the Normal School for the Western District" or "The friends of Education." To our minds there is as much warrant in the law for the selection of one name as the other, when we come to consider whether any organization, by a corporate name, is liable. These trustees constituted nothing more than an association, without franchises, and their power to sue, or the right of a party to sue them by a corporate name, we can find no authority for in any of the cases either in England or this country. *Pipe et al,* v. *Bateman* 1 Iowa 369; *White* v. *Road District,* 9 Ib. 202.

If it is asked has the plaintiff no remedy? We answer that we only determine that he has none against the defendant as named in this record. It may be that the persons contracting with him may be liable to him as individuals, or that he must look for compensation or aid to the law making power of the State, or the liberality of the friends of education, and especially those disposed to encourage the school named. None of these questions do we undertake to determine.

Judgment affirmed.