LAUGHLIN v. GREENE & WEARE.

1. BROKERS: BILL OF EXCHANGE. Where it was shown that a bill of exchange was sent to brokers for collection, and the brokers failed to present the same for acceptance and final payment at maturity, at the banking house at which it was made payable, and at which the drawees had funds deposited for its payment; that such funds were subsequently withdrawn; that from the time of such withdrawal the drawees were and continued to be insolvent; and that the brokers failed to give proper notice of non-payment, it was held that an allegation that the drawees were solvent at the maturity of the bill was not essential to the payee's right to recover against the brokers.

2. PARTY TO AN ACTION. The trustee of a voluntary association, having no corporate powers, may, under § 2758 of the Revision of 1860, maintain an action in his own name for the benefit of the company.

*Appeal from Lynn District Court.*

SATURDAY, OCTOBER 18.

THE facts are stated in the opinion of the court.

*Preston & Son* for appellants.

*Smyth, Young & Smyth* for appellee.

WRIGHT, J.—Defendants appeal from an order overruling their demurrer to plaintiff's petition. The petition avers that on the 21st of February, 1857, "The Pittsburg Trust Company" was, and still is, an association doing business under that name and style, in the State of Pennsylvania, and that said Laughlin was then, and still is, the trustee of said association; that defendants were brokers at Cedar Rapids, in this state; that on the date aforesaid, Loyd & Black, in Pittsburg, drew their bill of exchange on Holmes & Carter, a firm doing business in Marion, Iowa, in favor of W. S. Haven, or order, on sixty days; that Haven on the same day assigned the same to the drawers, who transferred the same to the "Trust Company," who transferred and forwarded it for collection to defendants, who received the same, and then and there, in consideration, &c., forthwith undertook to present it for acceptance and final payment, to Holmes, the surviving partner of said firm of Holmes & Carter, or at the banking-house of Greene, Weare & Graves, where the same was payable, and if default should be made in such acceptance or payment, defendants undertook, in consideration, &c., to notify the drawers and indorsers; that defendants neglected to present the bill for acceptance, or to demand payment; that when the bill matured, and for several days thereafter, Holmes, the surviving partner, had on deposit, with said banking-house, a sufficient amount of money, (naming it) to pay said bill of exchange, which was left there for that purpose; that this money was subsequently withdrawn; that from the time of such withdrawal, said Holmes, as well as the estate of Carter, were, and continued to be insolvent; that defendants failed to give notice to petitioners of such non-pay-

ment, or to return said bill, until after the withdrawal of said money by Holmes, whereupon, &c.

The objection that the petition does not show that Holmes & Carter were solvent is not tenable. Nor is there any more force in the argument that the pleading should show that the drawees had funds of the drawers in their hands, or were indebted to them. Any point upon the prior solvency or insolvency of the drawees, is obviated by the averment that money was deposited with defendants to meet this very bill, which ought to, and would, have been applied to its liquidation if it had been duly and properly presented for acceptance and payment. And as to the other objection, plaintiff holds as indorser for a valuable consideration, and had other parties liable to him in case the bill was duly presented to the drawees. It is because of the failure of defendants to discharge their undertaking in this respect, and the consequent discharge of the prior indorsers, that plaintiff seeks to make them liable. If he can prove the averments of his petition, we are of opinion that he may recover.

But the point most relied upon is, that this action should have been brought in the name of the "Trust Company," and not in the name of Laughlin, trustee. The "Trust Company" is a voluntary association, possessing no corporate powers, and least of all can it sue and be sued in that name. The action must be maintained, therefore, if at all, for the benefit of the company, in the name of the trustee. And this we think is allowable, under § 2758 of the Revision. Plaintiff is the trustee of an express trust, within the meaning of the statute.

The demurrer does not raise the question as to the sufficiency of the petition in showing how and when Laughlin was made trustee. It is averred that he was and is such trustee, and this is admitted by the demurrer.

In the case of *Nightingale* v. *Barney*, 4 G. Greene, 106, the note was given without consideration, and not only belonged to a voluntary association, but plaintiff had no interest therein as trustee or otherwise. The two cases are not parallel.

Affirmed.