## ARTS *et al.* v. GUTHRIE *et al.*

1. **Churches :** UNINCORPORATED : ACTION BY TRUSTEES. Upon a division of a religious society under an agreement for an apportionment of its property between the new societies organized by the several factions, the trustees of one of the new societies, appointed for the purpose of collecting its dues from the other new society under the contract of division, are the proper parties to bring an action for that purpose, though the society for which they act is not incorporated ; and the fact that the name of the society is joined with theirs as plaintiff does not affect their right to recover. ( See Code, sec. 2544, and cases cited in opinion ).

2. ———— : ACTION AGAINST REFEREE : PERSONAL LIABILITY. Where the maker of a bond for the payment of a debt due from a church is described therein as a referee, but it requires him to make the payment therein provided for, not in a representative capacity, but as an individual, he cannot escape personal liability thereon ; and such is the bond set out in the opinion in this case.

3. ———— : USE OF CHURCH : CONSIDERATION FOR BOND. While the title to all the property of a congregation was in the bishop of the church, for the use, however, of the congregation, the sale of the exclusive right to such use by one portion of the congregation to the other, upon a division of the congregation into two societies, and the actual exclusive use thereof by the purchasing faction, was a valid consideration for a bond given to the other faction for such exclusive use. [ REED, J., *dissenting* ].

*Appeal from Carroll District Court.*—HON. J. P. CONNER, Judge.

FILED, MARCH 12, 1888.

. THIS is an action on a written obligation executed by defendants to secure the payment of money. The case was tried by a jury, and a verdict returned in favor of plaintiffs. Judgment was rendered on the verdict, and defendants appeal.

*Geo. W. Paine* and *Cole, McVey & Clark*, for appellants.

*E. M. Betzer* and *George R. Cloud*, for appellees.

Arts v. Guthrie.

ROBINSON, J.—In June, 1885, there existed at Carroll an unincorporated association, composed chiefly· of persons of German and Irish descent, known as the "St. Joseph's Catholic Congregation." At that time there was trouble between the German members of the congregation on the one side, and the English-speaking, or Irish, members on the other. It was finally determined by the advice and direction of the bishop of the diocese in which Carroll was situated that the congregation should be divided, and the property it had used sold to the highest bidder; it being the understanding that one of the two parts into which the congregation was to be divided would be such bidder. It was further arranged that the debts of the original congregation should be paid, and the surplus of the price realized from the sale of the property divided between the new congregations in proportion to the membership of each, and the amounts it had contributed towards the property. Defendant Guthrie was appointed by the bishop to represent the Irish element of the congregation, and one W. J. Bohnenkamp to represent the German, in carrying out the agreed plan of separation. The persons so appointed agreed upon the details of a settlement of the financial interests involved, and appointed a person to sell the property. The sale was effected to defendant Guthrie, for the English-speaking portion of the congregation, for the sum of $11,200. · By the terms of the settlement, as arranged by the representatives of the two elements aforesaid, fifty-seven per cent. of the purchase price remaining after the payments of debts should be paid for the use of the German members of the original congregation. As a part of the settlement, the defendants executed the instrument in suit, of which the following is a copy:

"Know all men by these presents that I, P. M. Guthrie, as referee of the English-speaking portion of the congregation of ·St. Joseph's Catholic Church, at Carroll, county of Carroll, Iowa, and Charles Hamilton and· James M. Bozee as sureties, are held and firmly

bound unto W. J. Bohnenkamp, as referee of the German-speaking portion of said congregation, in the penal sum of eight thousand dollars. The conditions of this bond are such that whereas, the said P. M. Guthrie, as referee aforesaid, has this day purchased of W. J. Bohnenkamp, as said referee aforesaid, all the interest of the German-speaking portion of said congregation in and to the west half of block forty, in Carroll, Iowa, for the sum of $11,200, now, if the said P. M. Guthrie will pay, or cause to be paid, unto said Bohnenkamp, as referee aforesaid, fifty-seven per cent. of the above amount, after first deducting therefrom the amount of the debt upon said property up to this date,—payment to be as follows :   Said P. M. Guthrie will within sixty days from this date, at his option, either deliver to said Bohnenkamp, as aforesaid, good bankable notes, drawing interest at ten per cent., one-half to be payable within six months, and one-half payable in one year, from this date, said notes to represent the purchase price ; or the money is to be paid within sixty days, also with interest at ten per cent. from this date,—then and in that case this bond to be void ; otherwise to be in full force and effect.

"Dated at Carroll, this third day of July, 1885.

"P. M. GUTHRIE.

"CHARLES F. HAMILTON.

"JAMES M. BOZEE."

Three thousand dollars have been paid according to the terms of this obligation. The congregation was divided pursuant to the plan of division adopted ; the English-speaking members retaining the original name, and the church property. The German members adopted the name, "St. Peter and St. Paul Catholic Congregation," built a church edifice, and were furnished a priest, and separate services have been maintained. The division and settlement ordered by the bishop, and managed by the representatives he appointed, seem to have been carried into effect with the approval of all parties in interest. In November, 1885, the plaintiffs William Arts, Joseph Wiedemeyer and Henry Mans

were elected. trustees by the new congregation for the purpose of collecting debts due the congregation, and paying the debts it was owing.. By an amendment to the petition, made, apparently, without objection on the part of defendants, the title of the action was amended by inserting "The St. Peter and St. Paul Congregation" with the names of the plaintiffs.

I. The first objection to the judgment urged by defendants is in the following language: "The plaintiffs have not, nor have either the St. Peter and St. Paul Catholic Congregation, nor the said Arts and others, as trustees, any right to bring this suit." The facts showing the capacity in which each of the plaintiffs sued, and his right to join as party plaintiff, were fully set out in the petition. The objection made by appellants is based upon the action of the district court in overruling a motion made by defendants, after the plaintiffs had introduced their evidence and rested, to dismiss the action, on the ground "that plaintiffs are not shown competent to sue." If it be conceded that the method adopted by the defendants was the proper one, and taken at the right time, it is yet evident that the action of the court was right, so far as it related to the ground of the motion set out, if any of the parties plaintiff were competent to maintain the action. The St. Peter and St. Paul Catholic Congregation was an unincorporated association, and, so far as the facts are shown, was not competent to join as party plaintiff; but that fact did not entitle the defendants to have the action dismissed. *Dist. Twp. of White Oak v. Dist. Twp. of Oskaloosa*, 44 Iowa, 517. It is shown that the three plaintiffs who sue as trustees were appointed by the German portion of the original congregation, after the separation, to collect claims due to the new congregation. That is what they are seeking to do in this case, and we think they are competent and entitled to do so. Code, sec. 2544; *Laughlin v. Greene*, 14 Iowa, 94.

II. The next objection of defendants is stated as follows: "Since the bond in this case was given by 'P.

1, CHURCHES: unincorporated: action by trustees.

Arts v. Guthrie.

2. —— : action against referee : personal liability.

M. Guthrie as referee,' to ' W. J. Bohnenkamp as referee,' there can be no recovery against P. M. Guthrie as an individual.''

It is true that Guthrie is described in the first part of the instrument as referee, but it is also true that he is bound by it personally, in his individual capacity. It requires him to make certain payments, not in a representative capacity, but as an individual. It is signed by him as an individual, and it is not shown that any one but himself and his co-defendants are under any obligation to make the payments for which it provides. In view of the language of the obligation and the facts in the case, we think the objection under consideration is not well taken.

III.   The third objection is stated as follows : '' The contract was without consideration, and this appears

3. —— : use of church : consideration for bond.

without conflict in the evidence, and the court should have so instructed the jury.'' It is shown that by the usage of the Catholic Church, and by deed, the title to all the property used by the St. Joseph Congregation prior to the division was vested in the bishop of Dubuque. It is urged that, in consequence of this fact, no title passed by virtue of the alleged sale ; therefore, that there was no consideration for the obligation in suit.   While it is true that the legal title to this property was in the bishop, yet it appears that it was so held for the use and benefit of the St. Joseph Congregation as originally constituted, and that all members of that congregation who obeyed the rules of the church were entitled to participate in such use and benefit.   It also appears that the new congregation relinquished all claim to this property after their new edifice was ready for use, and that the English-speaking portion of the old congregation have had the exclusive use and benefit of the property since the new church was built.   It also appears that the division of the congregation has been completed as planned.   Certainly, the settling of the troubles which led to the division, the withdrawal of the new congregation, and the right of those who remained to the exclusive use

and benefit of the property, formed a sufficient considera-
tion to support the undertaking of defendants.

AFFIRMED.

REED, J., dissenting on third point in the foregoing
opinion.