D. H. WESTBROOK, ET AL., Appellants, v. RALPH GRIFFIN, ET AL.

**Unincorporated associations:** ACTION BY MEMBERS: PARTIES IN INTEREST. Certain members of an unincorporated association cannot maintain an action for themselves and other unnamed persons alleged to constitute the association, which is in effect a suit for the association, since every action must be presented in the name of the real party in interest.

*Appeal from Muscatine District Court.*— HON. JAS. BOL-
LINGER, Judge.

TUESDAY, NOVEMBER 13, 1906.

APPEAL from a judgment of dismissal. *Affirmed.*

*E. M. Warner* and *Richman & Richman,* for appellants.

*Jayne & Hoffman* and *C. A. Carpenter,* for appellees.

SHERWIN, J.— This is a suit in equity brought by
D. H. Westbrook and J. H. Letts for themselves and a large
number of unnamed persons, all of whom it is alleged con-
stitute the membership of a voluntary unincorporated asso-
ciation known as the Muscatine & Louisa Counties Mutual
Telephone Company, and for Henry Hendrix and H. H.
Westbrook, who are members, with the defendants, of an
independent voluntary unincorporated telephone company,
known as " Line No. 46." The petition alleges that the
Muscatine & Louisa Counties Mutual Telephone Company
was organized for the purpose of providing and maintaining
a central switchboard for the accommodation of the several
independent companies connected therewith. It is further
alleged that independent line No. 46 entered into an agree-
ment with the Muscatine & Louisa Counties Mutual Tele-
phone Company by the terms of which it bound itself to
maintain connection therewith for a period of ten years, and
to pay, during all of said time, its proportionate share of
the expenses of said company; that the Muscatine & Louisa
Counties Mutual Telephone Company entered into a con-
tract with the Mississippi Valley Company for long dis-
tance service for a period of three years; that the defend-
ants, a majority of the members of Line No. 46, without the
consent of the said Henry Hendrix and H. H. Westbrook,
and without the assent of the members of the other in-
dependent lines connected with the Muscatine & Louisa

Counties Mutual Telephone Company, and in violation of their contract, have severed their connection with the switchboard of said Muscatine & Louisa Counties Mutual Company and have connected with the Iowa Telephone Company, and have refused to pay their share of the expenses of the former company. The plaintiffs ask that Line No. 46 be compelled to make and maintain connection with the switchboard of the Muscatine & Louisa Counties Mutual Telephone Company, and that the members of said Line No. 46 be compelled to pay an assessment for expenses alleged to have been incurred by the last-named telephone company, and be ordered to respect the rights of Henry Hendrix and H. H. Westbrook and pay the damages they have sustained by reason of their acts.

The appellees plead and now urge that the plaintiffs cannot maintain this action because they have not the legal capacity to sue in the form in which it is brought, while the appellants take the position that an unincorporated society organized for business or commercial purposes is a partnership that is liable on its contracts, and that may sue and be sued. As an abstract proposition the appellants' contention is undoubtedly correct. 25 Am. & Eng. Enc. of Law, 1130, and cases cited (2d Ed.). But aside from the aleged interests of Henry Hendrix and H. H. Westbrook as members of Line No. 46, the plaintiffs do not sue as partners or persons jointly interested. The entire effect of the petition is that they are suing for an unincorporated society, and we have held that a suit of such character cannot be maintained. *Pipe et al. v. Bateman et al.,* 1 Iowa, 369; *Drake v. Board of Trustees,* 11 Iowa, 54. As we understand the record, neither Hendrix nor H. H. Westbrook are named as parties to this suit, and the question arises whether the plaintiff may maintain this action for them against their copartners. We think not. Code, section 3459, provides that every action must be prosecuted in the name of the real party in interest, except " that a party

with whom or in whose name a contract is made for the benefit of another may sue in his own name." As we have already said, the plaintiffs cannot maintain an action for the unincorporated association, nor can they maintain an action for the two parties named because of their connection with the Muscatine & Louisa Company, hence they are not within the exception made by the statute, and appear as parties plaintiff having no possible interest in the action.

The judgment dismissing the petition is right and it is therefore *affirmed.*