C. W. HANLEY, Appellant, v. THE ELM GROVE MUTUAL TELEPHONE Co., Appellee.

**Unincorporated associations:** ACTIONS: PARTIES: APPEAL. A member of an unincorporated association can not sue the association as a partnership, even though it may be treated as such by third persons who have dealt with it, without making the individual members parties defendant, in which case it would be proper to name the association as a defendant. And where he makes simply the association a defendant, a notice of appeal served upon the members of the association is unavailing.

*Appeal from Keokuk District Court.*—HON. K. E. WILL-COCKSON, Judge.

FRIDAY, FEBRUARY 10, 1911.

PETITION in equity asking for permanent injunction against the defendant enjoining it from refusing telephone service to the plaintiff as one of its alleged members. Decree dismissing the petition, and plaintiff appeals. *Modified* and *affirmed.*

*P. J. Hanley,* for appellant.

*Stockman & Baker,* for appellee.

EVANS, J.—The "Elm Grove Mutual Telephone Company" is the name adopted by a voluntary association of farmers. The purpose of such association is to maintain a connected telephone service and to distribute the burdens thereof among the members of such association. The association was formed some years ago and consisted originally of nine members, which membership has since increased to twenty-four. The members use and maintain in common a certain main line connecting with "central." Each member originally connected himself with such main line by installing a phone in his own residence and building and maintaining a branch from his residence to the main line. In 1908 and for some time prior thereto one Denton was the owner of a farm within the territory covered by such association and was a member thereof and was duly connected with such telephone service. He owned about eighty rods of the branch line consisting of wire and poles which connected his telephone with the main line, and this branch passed over the highway on his own land and to some extent formed a part of his fence. In May, 1908, the plaintiff purchased Denton's farm and took possession under his purchase March 1, 1909. Nothing was said in express terms in the contract of purchase or in the deed concerning the telephone; but both parties subsequently treated

the transaction as carrying to the grantee, plaintiff herein, the "telephone." In February, 1909, the plaintiff was elected secretary of the association to fill an unexpired term. He had no occasion, however, to render any service as such; another secretary being elected at the annual meeting on March 2 following. During the existence of the association a number of sales of farms had been made by members, and the purchasers in each case had succeeded to the telephone rights of the sellers by common consent and had been enrolled as members by the secretary without vote of the association. The name of the plaintiff was entered upon the books in a similar manner, and service was rendered to him as a member from March 1, 1909, to May 20. On this day his service was disconnected under the theory that he was not a member. The occasion for it arose out of the continued membership claimed by Denton, who had taken up a new residence near the main line.

On the general merits, there is much to be said in favor of plaintiff's contention that the facts were sufficient to constitute plaintiff a member. If he was a member, it is doubtless true also that such membership involved property rights to some extent, and that the association could not arbitrarily oust him nor deprive him of the usual service without reasonable cause. But upon this record we are not permitted to enter upon a consideration of the question of merit. Nor do we assume, therefore, to pass upon it. We are confronted at the threshold of the case with a plea of abatement. Our conclusions thereon are decisive of this appeal, and we therefore turn our attention to that alone.

The plaintiff has made no other defendant than the "Elm Grove Mutual Telephone Company." He avers that such defendant is a partnership. He purported to bring it into court by serving notice upon one McCann as its president. An answer was filed in behalf of the purported defendant denying that it is a partnership and averring

that it is a mere name for an unincorporated association, and that it has no legal entity, and that there is, therefore, no one before the court upon whom a decree could operate. That such an association will sometimes be treated as a partnership as between its members and third parties who have dealt with it as an apparent partnership is undoubtedly true. It is equally true that it is not a partnership in fact, and that the plaintiff, as an alleged member, is in no position to treat it as a partnership. If it were a partnership, the plaintiff as an alleged partner, would be quite precluded from suing his own partnership. If the plaintiff had made the members of the association, or possibly a majority of them, including the officers, parties defendant, we would not question the propriety of his including the entire association under its adopted name also. But he has named no person as defendant either as member or officer. He served the original notice upon McCann, but he did not make him a defendant. He served a notice of appeal to this court upon several of the members, but this was futile. They were not parties to the action and had not had their day in the trial court. It seems quite clear to us that we have nobody before us as a defendant. *Lewis v. Tilton,* 64 Iowa, 220; *Keller v. Tracy,* 11 Iowa, 530; *Drake v. Trustees,* 11 Iowa, 54.

This was doubtless the ground upon which the trial court dismissed the petition. This does not appear, however, from the terms of the decree as entered. It should have been stated therein. Code, section 3771. Otherwise the decree might be pleaded as an adjudication in a future action against proper defendants. In this respect the decree as entered will be *modified* and otherwise *affirmed.*