MARSHALLTOWN MUTUAL PLATE GLASS INSURANCE ASSOCIATION, Appellant, v. THEO. H. BENDLAGE et al., Appellees.

**PARTIES: Plaintiffs—Unincorporated Association.** A mere voluntary unincorporated association of individuals, whether organized for pecuniary or nonpecuniary purposes, not constituting a partnership, may not maintain an action.

**PARTNERSHIP: The Relation—Profits and Losses.** Principle reaffirmed that a sharing of profits and losses is an essential element of a partnership.

**APPEAL AND ERROR: Decision in General—Scope.** The appellate court will, on appeal, and in a proper case, enter such proper order as will remove doubt whether the order or judgment appealed from is a final adjudication.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

DECEMBER 15, 1922.

SUPPLEMENTAL OPINION MAY 15, 1923.

ACTION by the assignee of a landlord, to recover damages for breach of the terms of a written lease with regard to the repair of broken glass. The court directed a verdict in behalf of the defendant, and plaintiff appeals.—*Affirmed.*

*C. H. E. Boardman,* for appellant.

*E. N. Farber,* for appellees.

FAVILLE, J.—McCombs Brothers leased certain premises, by a written lease, to the appellees herein. By the terms of said lease it was provided that the lessee "will repair all broken

1. PARTIES: plaintiffs: unincorporated association.

glass at the end of the term." Certain glass was broken in the building during the term. The lessor assigned said lease and his rights thereunder to the appellant, who brought this action to recover damages for failure to repair broken glass in said building. The court directed a verdict on the ground that the appellant had no legal capacity to maintain the action. This is the primary and important question in the case.

The appellant alleges in its petition that it is a mutual organization, created for the purpose of carrying insurance on plate glass in the city of Marshalltown, and that said organization is a copartnership composed of many members, owners of real estate in Marshalltown, who have agreed to share their profits, and particularly to share any losses caused by the breakage of plate glass belonging to its members. It is further alleged that the members are numerous, and that it is impracticable to bring them all before the court as plaintiffs, and that the suit is brought for the benefit of all of said members in the trade name and style in which the business is conducted.

The answer specifically denies that the plaintiff had any legal capacity to sue, and alleges that it was neither a natural nor an artificial person, nor an individual, partnership, or corporation, but was a mere voluntary association of individuals.

The evidence in behalf of the appellant shows that various owners of plate glass in Marshalltown have associated themselves together, and agreed to replace broken glass at the expense of each other. There are no salaries, except that the secretary receives ten per cent of the cost of replacement. The secretary

makes an assessment based on the total amount or value of the glass represented, and multiplies that by the value of the glass each individual has, and the losses are paid by such assessments. The profits are divided in the same way, if there are any profits. There is a board of three trustees, who manage the organization, and who are elected at a meeting of the members. One of the trustees, as a witness, testified that the company was not organized for pecuniary profit, but that any profit it got from the sale of glass and salvage would be apportioned to the members in proportion as they have glass. He said:

"The primary object is to pay losses, and not profit. The membership may be changed by taking in new members, this to be determined by the trustees."

It is argued that the appellant is a mere voluntary, unincorporated association, and therefore cannot maintain this action.

Unincorporated associations which are not partnerships cannot become parties to a contract or maintain a suit. This general rule has been applied in a number of instances by this court. In *Nightingale v. Barney*, 4 G. Gr. 106, the rule was applied where the unincorporated association was a Masonic lodge. In *Pipe v. Bateman*, 1 Iowa 369, the voluntary association was the British Emigrant Mutual Aid Society. It appeared that the primary object of the association was pecuniary profit, and that it was not a charitable institution, neither was it a partnership or a corporation; and it was held that an action could not be maintained by it. In *Drake v. Board of Trustees*, 11 Iowa 54, we held that the defendant, being neither a partnership nor a corporation, and a mere association without franchise, could not be sued. In *Steamboat Pembinaw v. Wilson*, 11 Iowa 479, there was no allegation that the plaintiff was a corporation or a partnership, and we held that it could not maintain the suit. In *Laughlin v. Greene*, 14 Iowa 92, we held that a voluntary association possessing no corporate power could not sue or be sued. In *Lewis v. Tilton*, 64 Iowa 220, it was held that a voluntary association known as a Temperance Reform Club had no legal existence, and could not sue or be sued. In *Westbrook v. Griffin*, 132 Iowa 185, suit was brought by a certain individual who alleged that he and a large number of unnamed persons

constituted the membership of a voluntary, unincorporated association known as the Muscatine & Louisa Counties Mutual Telephone Company. We held that the suit was in fact for an unincorporated society, and that such a suit could not be maintained by individuals. In *Presbyterian Church v. Harken,* 177 Iowa 195, the plaintiff was a voluntary religious association which had never been incorporated, and we held that the action could not be maintained in the name of the association.

It is apparent from these decisions that a mere voluntary association of individuals, whether organized for beneficent and charitable purposes or for pecuniary profit, as in *Pipe v. Bateman,* supra, cannot maintain an action in the name of such voluntary association alone.

Under these decisions, and under the evidence in this case, we think it must be held that the appellant is a mere voluntary association, and has no legal capacity to sue. It therefore could not maintain this action. True, it is alleged that the association is organized to share losses, and there is testimony by a trustee of the association that its purpose was to share losses among its members; but the losses so shared were not the losses of any business conducted by the association. The losses referred to were the losses to the property of the members, which were paid by pro-rata contributions from the other members. It is also apparent that there were no profits except as there might be a small amount of salvage saved on glass, which was merely used to reduce future assessments of the members. This arrangement did not constitute, in law, a partnership. The parties were not engaged in a business in which they shared the profits and losses of a business, which is essential in order to constitute a partnership.

2. PARTNERSHIP: the relation: profits and losses.

The appellant had no legal capacity to sue, and the action of the lower court in directing a verdict on this ground was correct, and it is, therefore,—*Affirmed.*

Stevens, C. J., Evans and Arthur, JJ., concur.

### SUPPLEMENTAL OPINION.

Faville, J.—Upon rehearing, our attention is called to the

fact that the appellees' motion for a directed verdict was predicated upon several grounds, and was sustained generally.

The point stressed upon the appeal was the one proposition as to whether or not the appellant could maintain the action in the name of the association. We limited our holding to the one proposition that appellant had no legal capacity to maintain the action.

We construe the holding of the lower court as being no more than a determination that *this* appellant could not maintain this action, for want of legal capacity to sue, and that appellees could not be required to respond to *this* appel-

3. APPEAL AND ERROR: decision in general: scope. lant in damages in any event. Neither the decision of the lower court nor of this court is to be construed as any adjudication of appellees' liability to a proper party and in a proper action, for damages because of the breaking of the glass in question.

The petition for a rehearing is overruled.

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.