PRESBYTERIAN CHURCH OF PARALTA et al., Appellees, v. O. S. JOHNSON, Appellant.

No. 40602.

OCTOBER 20, 1931.

Chas. J. Haas, for appellant.

John M. Redmond and Dale Stentz, for appellees.

STEVENS, J.—On October 11, 1897, P. W. and Esther Stentz, husband and wife, quit claimed unto ''Charles Wright, P. W. Stentz, and Alva Mann, Trustees of the Presbyterian Church of Paralta, Iowa, and their successors in office'' a small

tract of land described by metes and bounds "so long as used for church purposes."

The appellant, by mesne conveyance, is now the owner of the government sub-division in which the aforesaid tract is situated. The deed to him excepts all, or some part, of the grant to the trustees. It is alleged in the petition that appellant has threatened to take possession and to remove the buildings upon the disputed tract and that he has committed repeated trespasses thereon.

The answer admits the execution of the quit claim deed to the trustees and sets up as affirmative defenses that the church is an unincorporated voluntary association and may not maintain this action in its own name and also that the property in controversy has been abandoned and is no longer used for church purposes.

Articles of incorporation were duly prepared and signed by a considerable number of members of the Church but the instrument was never properly acknowledged.

It is well settled in this state that actions may not be brought in the name of voluntary associations but must be prosecuted either in the name of trustees, if they exist; otherwise in the name of all of the members, or of a portion for the benefit of all. Both the church and the trustees are named as plaintiffs in this action.

As already appears, the original conveyance from P. W. and Esther Stentz was to certain named persons as trustees and their successors in office. As trustees holding the legal title to the property, the appellees W. H. Stearns and George Stentz are authorized by the statute to sue. Section 10968, Code, 1927. Such has also long been the holding of this court. Keller & Bennett v. Tracy, 11 Iowa 530; Presbyterian Church v. Harken, 177 Iowa 195.

On the issue of abandonment by the Church of the property in controversy for use for "church purposes," the evidence tends to show that the church membership has gradually declined until not more than four members remain. The church has not for many years supported a pastor nor have there been regular preaching services therein. It is shown that occasional funerals are held at the church and also occasional preaching services. Until the past few years, Sunday School was regularly held in

the church. The ladies of the society hold some meetings at the church and give an annual dinner for the purpose of raising money to keep the church in repair and to pay insurance. The trustees hold a policy of $1000 on the church, payable to them. The church has been papered and otherwise repaired in recent years. Appellees were duly elected as trustees and the organization has in this way been perpetuated. The term "church purposes" is, in view of the many subsidiary societies, organizations and activities connected with the modern church, quite comprehensive. The Sunday school, aid societies, missionary societies and many other organizations function for church purposes. There has obviously been no definite abandonment of the church nor do we think it has ceased entirely to be used for church purposes. Much of the membership has become affiliated with other nearby churches. The term "church purposes" has not, so far as we have been able to ascertain, been frequently judicially defined. Discussion, however, on this subject will be found in Craig v. First Pres. Church of Pittsburgh, 32 Am. Rep. (Pa.) 417; Scott Co. v. Roman Catholic Archbishop, 163 Pac. (Oregon) 88.

Appellant obtained title to the government sub-division by deed from S. W. and Hattie Campbell, grantees of P. W. Stentz, on March 20, 1925. The tract in controversy was by somewhat indefinite description excepted from this conveyance. We are of the opinion that abandonment of the property in controversy for church purposes is not established by the evidence.

The decree entered in this case apparently quiets title absolutely in appellees. This, we think, was error. The decree should have provided that title be quieted in the trustees so long as the property is used for "church purposes." The decree should be modified to this extent. In all other respects, the judgment is affirmed. The cause will be remanded to the district court for decree in harmony with this finding.—Modified and affirmed.

FAVILLE, C. J., and DE GRAFF, ALBERT and WAGNER, JJ., concur.