FRANK WILSON et al., Appellants, v. AIRLINE COAL COMPANY, et al., Appellees.

No. 41593.

FEBRUARY 14, 1933.

John T. Clarkson, for appellants.

Jones & White, for appellees.

STEVENS, J.—This is an action in equity brought to enjoin the violation of an alleged written contract. The contract, which is signed by "Frank Wilson, president, U. M. W.of A.," and the "Airline Coal Co., By J. H. Genochio," is quoted in full a little later in this opinion. The plaintiffs are the alleged trustees of an express trust, and bring this action as members of an unincorporated society for the benefit of others similarly situated and interested who are too

numerous to bring before the court; District No. 13, U. M. W. of A., and Local Union No. 152 of District No. 13, and certain former employees of the appellee Airline Coal Company in their own behalf and in behalf of others similarly interested and situated. The petition is lengthy, and contains all of the customary allegations of a petition in such cases. The contract, the violation of which appellants seek to have enjoined, is as follows:

"Agreement, Aug. 18, 1931.

"It is agreed between District No. 13, U. M. W. of A., and the Airline Coal Company of Ottumwa, Iowa, that the above Coal Company shall pay the wage scale as specified and operate under the terms and conditions of the Des Moines agreement which expires April 1, 1933. Frank Wilson, President, U. M. W. of A. Airline Coal Co. By J. H. Genochio."

The motion to dismiss, which was sustained by the court, is based upon Section 11130 of the Code of 1931, and challenges the right of appellants to maintain this action upon many grounds, among which are the following: That there is both a misjoinder and nonjoinder of parties plaintiff; that the action is not prosecuted in the name of the real parties in interest and that appellants have no authority to prosecute the action; that they are not entitled to the relief sought; that they are incompetent as a voluntary association to maintain the action; that the alleged contract is void and unenforcible for the reason that it is not supported by a consideration, is wanting in mutuality, and for various reasons incapable of being specifically enforced.

The argument of counsel takes a wide range, and covers numerous subjects either not in reality involved or, because of the conclusion reached upon the merits of the petition, need not be discussed or decided at this time. Our discussion will be limited strictly to the specific pronouncements presented herein. Numerous of the questions discussed are of grave and far-reaching importance, and should abide decision until a case has arisen in which they are directly and necessarily involved. Much space is devoted in the argument of appellants to collective bargaining contracts. Many authorities are cited in the briefs. As, in the opinion of the court, the decision must be rested upon the interpretation of the contract in controversy and the mutual rights of the parties thereunder, we shall, as stated above, limit our discussion to such matters as

properly arise at this point. For this purpose we shall, without deciding or expressing any opinion on the subject, assume that there is neither a misjoinder nor nonjoinder of parties plaintiff, and that some of the parties named have a right to maintain this action.

With the foregoing preliminary statement, we pass at once to the consideration of the questions raised which we deem controlling and decisive in the premises.

I. It will be observed, or should be stated as one of the ultimate facts alleged in the petition, that District No. 13, U. M. W. of A., territorially includes the state of Iowa, and has about 9,000 members. Local Union No. 152 is located at or near the city of Ottumwa, and has approximately 116 members. It is not alleged that Frank Wilson, president of the U. M. W. of A., is a member of the Local Union. The contract in suit is not, by its terms, a contract of employment. Apparently, its main purpose is to obligate appellee to pay a certain scale of wages and to operate its coal mines under the terms and conditions of the so-called Des Moines agreement. It has long been settled in this state and it is the rule in other jurisdictions that, in the absence of statute authorizing it to do so, voluntary unincorporated associations may neither sue nor be sued. Nightingale v. Barney, 4 G. Greene (Iowa) 106; Pipe v. Bateman, 1 Iowa (Clarke) 369; Drake v. Board of Trustees, 11 Iowa 54; Steamboat Pembinaw v. Wilson, 11 Iowa 479; Lewis v. Tilton, 64 Iowa 220; Arts v. Guthrie, 75 Iowa 674; Westbrook v. Griffin, 132 Iowa 185; Presbyterian Church v. Harken, 177 Iowa 195; Marshalltown, etc. Ins. Assn. v. Bendlage, 195 Iowa 1200; Pres. Church of Paralta v. Johnson, 213 Iowa 49; Herald v. Glendale Lodge No. 1289, B. P. O. E., 189 Pac. (Cal.) 329; United Brotherhood of Maintenance of W. Employees, Etc. v. Kennedy, 115 Atl. (Del.) 587; Brown v. United States, 276 U. S., 134; Adams v. Richardson, 167 N. E. (Mass.) 254; Newton County Farmers' & F. G. Exch. v. Kansas City So. Ry. Co., 2 S. W. (2d) 125 (Mo.).

Statutes authorizing actions in the name of such associations have been enacted in some states. In Ohio, they are presumed to be partnerships. Seasongood & Mayer v. Riddle, 18 Ohio App. Reps., 88.

It must be held that neither District No. 13, U. M. W. of A., nor Local Union No. 152 have capacity, in the name thereof, to sue or to maintain this action. Having neither capacity to sue nor be sued, it has sometimes been held directly or inferentially that unincorporated societies are without power to contract. Davison v.

Holden, 10 Atl. (Conn.) 515; Colt v. Hicks, 179 N. E. (Ind.) 335; Kansas Life Ins. Co. v. First Bank of Truscott, 47 S. W. Rep. (2d ser.) 675 (Tex.) ; Weber v. Nasser, 286 Pac. (Cal.) 1074; Burnetta v. Marceline Coal Co., 79 S. W. (Mo.) 136. The point here suggested will be considered only in the determination of the scope and effect of the contract involved. Is the contract supported by a consideration? No monetary consideration or other thing of value passed to anyone under the terms of the agreement. Impliedly at least, appellee was on August 18, 1931, engaged in the operation of one or more coal mines near Ottumwa, Iowa. The alleged agreement is not between appellee and any employee or employees thereof, nor is the Local Union a party thereto.

Mutual promises may constitute a consideration for and will support a contract. It is obvious that nothing of value passed, from either Wilson or the organization represented by him to appellee, that amounted to a consideration. The obligations assumed are all on the part of appellee. The promise is to pay the wage scale specified and to operate under the terms and conditions of the Des Moines agreement.

It may be assumed that, if the promise was kept and maintained, it would operate to the direct advantage of appellee's employees and, generally, to the indirect advantage of the members of District No. 13, U. M. W. of A. Nothing is, however, promised by or on behalf of District No. 13. No member of the organization is thereby bound to accept employment from appellee as miners or for other purposes at the wage scale designated. It is not sufficient in this connection that the agreement is characterized as a collective bargaining agreement. These agreements are intended to serve and advance the welfare and comfort of those engaged in coal mining and other forms of industry and to stabilize employment and to contribute to the peaceful adjustment and settlement of controversies between employees and employers. The object is proper and commendable. Contracts of this character must, however, to be valid, be supported by a consideration. Many cases relating to collective bargaining contracts are cited in appellants' brief. Without exception, the contracts involved were of a different character from that before us, and were clearly supported by a consideration. A citation of the following cases relied upon by appellants will suffice to illustrate this point. Exchange Bakery & Restaurant v. Rifkin, 157 N. E. (N. Y.) 130; Goldman v. Cohen, 227 N. Y. S., 311; Cross Mountain

Coal Co. v. Ault, 9 S. W. (2d Ser.) 692 (Tenn.) ; Gregg v. Starks, 224 S. W. (Ky.) 459; Maisel v. Sigman, 205 N. Y. S. 807; Hitchman Coal & C. Co. v. Mitchell, 62 L. Ed., 260; Ribner v. Racso Butter & Egg Co., 238 N. Y. S. 132; H. Blum & Co. v. Landau, 155 N. E. (Ohio) 154.

It seems to us that the contract in question imports no considera-tion. If specific performance thereof would be possible in equity and it were sought by appellee, what relief could the court give it? In other words, is there anything District No. 13 or .its members could do that could, in equity or law, be treated as a violation of the contract? Under it no obligation whatever is assumed by appel-lants, so that there is obviously neither pecuniary consideration nor mutual promises to support the agreement. It is our conclusion that the motion to dismiss upon the ground that the contract in contro-versy is not supported by a consideration was proper.

II. A further ground of the motion to dismiss is that the contract is without mutuality. Much that has already been said bears directly upon this question. There is apparent upon the face of the contract a want of mutuality, both of obligation and of remedy. Manifestly, the contract imposes no obligation upon appellants, and there is no remedy available to appellee for any violation or breach thereof.

In addition to want of consideration and of mutuality, invalid-ity of the contract is further predicated upon the ground that it is void for indefiniteness and uncertainty. Appellants have not agreed to supply workmen for the mines of appellee or to aid it in any way to secure employees. It is elementary that an employee may quit his employment at will. Specific performance of contracts for personal services may not be enforced in equity. Elijah & Winne v. Mottinger, 161 Iowa 371; Gossard Co. v. Crosby, 132 Iowa 155; Wood & Duvall v. Ia. Bldg. & Loan Assn., 126 Iowa 464; Richmond v. Dubuque, etc. R. R. Co., 33 Iowa 422.

Appellants insist upon .the right to enjoin appellee from re-ducing the wages of employees below that specified in the Des Moines agreement without any legal right or remedy whatever on the part of appellee. Tested by all of the rules recognized by the decisions of this court and authorities generally, the alleged contract is wholly wanting in mutuality of obligation, as well as mutuality of remedy. Elzy v. Waterloo, etc. Ry. Co., 193 Iowa 330; Faltis v. Wistein, 195 N. W. (Iowa) 1008 (not officially reported) ; Wickham

& Burton Coal Co. v. Farmers Lbr. Co., 189 Iowa 1183; Vinson v. Little Bear Sawmills, 113 So. (Ala.) 385; Lucas, etc. Stave Co. v. Kennedy, 101 So. (Ala.) 894; Fowler Utilities Co. v. Gray, 79 N. E. (Ind.) 897; Davis v. Davis, Director General, 151 N. E. (Ind.) 134; Hudson v. Cincinnati, etc. Ry. Co., 154 S. W. (Ky.) 57; Stanley v. Kentucky Utilities Co., 4 S. W. (2d Ser.) 732 (Ky.) ; Major v. Kollmorgen Optical Corp., 248 N. Y. S. 237; Springton Coal Co. v. Bowling, 14 S. W. (2d Ser.) 1082 (Ky.) ; Lemler v. Bord, 156 Pac. (Ore.) 427; Osner & Mehlhorn v. Loewe, 191 Pac. (Wash.) 746; Kessel v. Great Northern Ry. Co., 51 Fed. (2d) 304; Pizitz-Smolian Co-op. Stores v. Meeks, 140 So. (Ala.) 442; Hewitt v. Magic City Furniture & Mfg. Co., 107 So. (Ala.) 745; Solomon v. Wilmington Sewerage Co., 55 S. E. (N. C.) 300; Succession of Alexander, 57 So. (La.) 534; Harney v. Burhans, 64 N. W. (Wis.) 1031; Greenwood v. Murphy, 206 N. W. (Minn.) 405; Baldwin v. K. C., M. & B. R. Co., 20 So. (Ala.) 349; Barney v. Indiana Ry. Co., 61 N. E. (Ind.) 194; Victoria Limestone Co. v. Hinton, 161 S. W. (Ky.) 1109.

An injunction against the breach of a contract is a negative decree of specific performance, and, as a general rule, a court of equity will not grant such relief unless there is both mutuality of consideration and remedy. Schlesinger v. Quinto. 194 N. Y. S. 401.

III. W. J. Mathews, Henry Cnudde, Fred LaRoue, D. Gowdy, and Andrew Meyers became parties to this action by way of petition in intervention in which they united with the plaintiffs and joined in the relief prayed. It is alleged in the petition of intervention that they were employees of appellee prior to the time when the contract in controversy was entered into, and still deem themselves employees thereunder. It does not appear definitely from the allegations of the petition that they have ceased work for appellee, but the inference may be drawn therefrom that they were not working at the time the action was commenced by plaintiffs. However, we do not deem this question necessarily the decisive one. The relief sought by cross-petitioners is based solely upon the contract to which we have already referred. They did not become employees by acceptance of that contract at the wage scale specified in the Des Moines agreement, but were already employees of appellee. They did receive the wages designated in the so-called Des Moines agreement until December 16, 1931, when appellee posted notice of a reduction in wages on that date. Unless, therefore, the contract in controversy was binding upon the original parties thereto, it could

not be availed of by the employees of appellee who were such at the time the alleged contract was executed.

Under the allegations of the petition in intervention, appellee assumed no other obligation to cross-petitioners than is imposed upon him by the contract which it is sought to have carried out. Nothing in the way of an additional contract, a new consideration, or an estoppel is pleaded. Cross-petitioners, therefore, place them· selves in the same position as those with whom they join as plaintiffs. The contract, being void and unenforcible as to plaintiffs, is likewise unenforcible by cross-petition.

The conclusion reached upon the foregoing propositions is necessarily decisive of the merits of the case. The contract being without validity, it cannot be made the basis of an action in equity to enjoin its alleged violation. The conclusion is inevitable and is in harmony with the authorities generally. It follows that the judg· ment sustaining appellee's motion to dismiss and the dismissal of the petition should be and it is affirmed.—Affirmed.

KINDIG, C. J., and EVANS, ALBERT, MITCHELL, ANDERSON, DONE-GAN, and KINTZINGER, JJ., concur.

UTTERBACK, J., dissents.