TEXTILE PROPERTIES, INC., Plaintiff, *v.* M. J. WHITTALL ASSOCIATES, LIMITED, Defendant.

Supreme Court, New York County, October 16, 1934.

*Arnstein & Levy*, for the plaintiff.

*Arthur & Dry*, for the defendant.

COTILLO, J. The only point that merits attention upon this motion to vacate the attachment is that defendant has not been properly cited. Defendant is a Massachusetts trust. It was organized in that State under a written declaration of trust. The character of this business organization, at least when it is made a defendant, is to be determined by the law of Massachusetts and not by the General Associations Law of this State. (*Matter of*

*Associated Trust,* [D. C.] 222 F. 1012.)    Any other holding would put our domestic claimants at a disadvantage against one suing in Massachusetts *in personam.*   The Massachusetts statute (Gen. Laws Mass. [Ter. ed.] chap. 182, § 6) provides that such an association may be sued and its property may be subject to attachment in like manner as if it were a corporation, and service of process upon one of the trustees shall be sufficient.   (Warren, Corporate Advantages without Incorporation, p. 554.)   Plaintiff has rightfully treated defendant as if it were virtually a foreign corporation, and not an unincorporated association, which under our domestic law must be sued in the name of its president or treasurer.

The motion to vacate the attachment is denied.