W. J. MAY et al., Appellants, v. M. C. BURNS, Appellee.

No. 45004.

APRIL 2, 1940.

F. E. Northup and M. W. Hyland, for appellants.

Boardman & Cartwright, for appellee.

SAGER, J.—The instrument upon which plaintiffs sue is as follows:

"Parties of the first part [plaintiffs] agree to put on full feed of hay, grain, corn and concentrated rations, and at any time party of the second part [defendant] may demand increase of feed for twenty-four (24) head of Black Angus steers purchased this day from party of the second part and feed from ninety (90) to one hundred twenty (120) days, and to give second party agrees to purchase same at any time between the ninety (90) and one hundred twenty (120) days for the price of fourteen (14) cents per pound, hoof weight, at Chicago or any reasonable marketing point, and parties of the first part agree to pay all freight and charges to the public marketing point."

Appellants introduced proof tending to show that they had complied with the stipulations of Exhibit A with reference to feeding and care of cattle to near the end of the 120-day period. At or about that time, their attorney wrote a letter to the defendant saying:

"* * * they will be ready, able and willing to deliver said steers to you at the termination of the 120 days provided for in said contract, at the price therein named, and fulfill all of the provisions of said contract on their part.

"Not having availed yourself of purchasing the cattle at the expiration of the ninety day period, they have continued to feed the cattle for you to the expiration of the 120 day period, and wish you to inform them not later than Monday, January 31st, 1938, where you wish them to ship these cattle for you, and they will be governed accordingly."

Following the sending of this letter, in a conversation with plaintiffs' attorney, defendant told the attorney that the cattle should be carried longer, but there was nothing to do under the contract but ship them to Chicago, and to tell Mr. May to do so. Thereupon the cattle were shipped to Chicago where they brought a sum considerably less than 14 cents a pound. Plaintiffs seek to recover the difference.

At the close of plaintiffs' testimony, defendant moved for directed verdict on the ground that the contract was void for lack of consideration and want of mutuality. This motion was sustained and from judgment on verdict, this appeal is taken.

Appellants say that there was error because Exhibit A was

either a continuing offer by defendants to purchase which, accepted by the plaintiff, became a validly executed contract; or because it was an ambiguous contract interpreted by the parties as a binding contract of sale; or that the parties by their conduct had construed it as a contract of sale. Appellants cite a number of cases, among them, Tooey v. Percival Co., 192 Iowa 267, 182 N. W. 403; In re Estate of Whitman, 221 Iowa 1114, 266 N. W. 28; Meader v. Incorporated Town of Sibley, 197 Iowa 945, 198 N. W. 72; Des Moines Valley R. R. Co. v. Graff, 27 Iowa 99; and Burmeister v. Hamann, 208 Iowa 412, 226 N. W. 10.

Appellee responds that none of the cited cases supports plaintiffs' contention. He insists that the instrument is void on its face, showing lack of mutuality of obligation, in that by its terms plaintiffs undertook to do nothing which the defendant could enforce. The court took defendant's view and in so doing was right. A reading of Exhibit A fails to disclose any right on the part of defendant to compel the sale to him if the market price had gone above the figures stipulated. Appellants were at liberty to act or not as their interest dictated, and the instrument gave appellee no right to prevent. It is not claimed that there was any other consideration than Exhibit A itself imports. This, it is to be observed, is an action at law on the instrument itself and not a suit in equity to make the contract mean what plaintiffs now contend that it was intended to say. We think the court properly held that Exhibit A was not an enforceable contract. Appellants' citations do not warrant a contrary conclusion. As supporting the judgment below, see Nicolls v. Wetmore, 174 Iowa 132, 156 N. W. 319; Wickham & Burton Coal Co. v. Farmers Lbr. Co., 189 Iowa 1183, 179 N. W. 417; Wilson v. Airline Coal Co., 215 Iowa 855, 246 N. W. 753; 13 C. J. Contracts, section 191; 17 C. J. S. Contracts, section 100; and 12 Am. Jur. Contracts, section 13.

We have not overlooked the other citations of the parties but we do not find it necessary to analyze or set them out. Finding no error, the judgment of the trial court should be, and it is, affirmed.—Affirmed.

HAMILTON, C. J., and MILLER, OLIVER, HALE, BLISS, RICHARDS, and MITCHELL, JJ., concur.