Lafayette Bank and Trust Company *v.* Branchini and Sons Construction Company, Inc., et al.

Superior Court     Fairfield County     File No. 146236
AT Bridgeport

Memorandum filed January 30, 1975

*Gladstone, Schwartz & Baroff,* for the plaintiff.

*Cohen & Wolf,* for the third-party defendant, Mortgage Investors of Washington.

*Levin & Charmoy,* for the named defendant.

Saden, J. The sole issue presented to this court, which is one of first impression in this state, is whether the third-party defendant, Mortgage Investors of Washington, hereinafter referred to as MIW, an unincorporated Maryland business trust having an office in Bethesda, Maryland, was properly served in this action. The plaintiff, purporting to act under General Statutes § 52-59b, caused to be served on the secretary of the state of Connecticut a copy of the writ, summons, and complaint directed to MIW as an entity.

Generally, business trusts may be sued in the trust or company name, as was done here, in those states where they are recognized as distinct and separate legal entities by the courts or by statute. See 16A Fletcher, Cyclopedia Corporations § 8260. While some statutes provide for service on foreign business trusts in the same manner as foreign corporations; see *Harris* v. *United States Mexico Oil Co.,* 110 Kan. 532, appeal dismissed, 260 U.S. 694; *American Ry. Express Co.* v. *Asher,* 218 Ky. 172; *State ex rel. Knox* v. *Hines Lumber Co.,* 150 Miss. 1; where such trusts have no standing to sue or be sued in their own names, suit must normally be brought by or against the trustees. *Guthmann* v. *Adco Dry Storage Battery Co.,* 232 Ill. App. 327; *Laughlin* v. *Greene,* 14 Iowa 92; *Linn* v. *Houston,* 123 Kan. 409; *Larson* v. *Sylvester,* 282 Mass. 352; *Denny* v. *Cascade Platinum Co.,* 133 Wash. 436.

An interesting solution to the question here posed was attempted in *Textile Properties, Inc.* v. *M. J. Whittall Associates, Ltd.,* 157 Misc. 108 (N.Y.). There the court held that, for the purposes of service of process, the character of a Massachusetts business trust when made a party defendant to a suit in New York was to be determined by the law of Massachusetts and not by New York's General Associations Law. Because Massachusetts allowed such a business trust to be sued and its property attached "in like manner as if it were a corporation," the court held that the plaintiff "rightfully treated defendant as if it were virtually a foreign corporation" and, therefore, properly cited defendant as a separate entity without naming its beneficiaries or trustees. Id., 109.

Consistent with the concept of providing for a mode of service of process wherever jurisdiction

is constitutionally exercisable, the legislature has provided several long-arm statutes for effecting service of process on nonresident individuals or corporations. General Statutes, c. 896, on service of civil process, is by no means exhaustive; see, e.g., General Statutes § 33-411 (c) and (d) for methods of service on foreign corporations. The legislature has not yet specifically provided for a method of service on the entity known as a "Massachusetts business trust," but it has recognized such trusts for limited purposes as corporations. General Statutes § 47-6a. Those trusts must, however, be organized in Massachusetts. In all probability, if a Massachusetts trust were here involved, General Statutes § 33-411 (c) and (d) would apply.

It would seem that the solution to the question of service on MIW, which is not organized in Massachusetts, must start with recognition of what its nature is under Maryland law, and, having determined that, apply Connecticut statutes for service of civil process. Maryland recognizes a real estate investment trust as a "permitted form of unincorporated trust or association" for the conduct of business. 7A Md. Ann. Code art. 78C, § 1 (1975). Maryland also requires service to be made on a resident agent or on any of the officers of the trust. Id., § 2 (a). Furthermore, under § 3 of article 78C, such trusts have the power to sue and be sued and to complain and defend in all courts. It should also be noted that, although Massachusetts business trusts are, under General Statutes § 47-6a, treated as corporations, there is no statutory authority for so treating Maryland business trusts.

In light of the Maryland statutes, it is clear that MIW is recognized as an entity of its own kind, not a corporation, a partnership, and certainly not an individual. The plaintiff has sought to serve

that entity under § 52-59b, which allows the court to exercise personal jurisdiction over "any nonresident individual, or foreign partnership, or his or its executor or administrator" who, in person or through an agent, does certain enumerated acts within the state. The language of the statute is plain and unambiguous: it applies only to long-arm service on individuals or partnerships. It does not apply to the kind of business trust here involved. Furthermore, General Statutes § 33-411 (c) cannot apply for like reasons because it deals solely with suits against foreign corporations.

That is not to proclaim that MIW is immune from suit in Connecticut. There are other means of utilizing General Statutes § 52-59b to bring the officers and agents of MIW, and thereby MIW itself as a principal, before a Connecticut court provided the jurisdictional requirements of the statute are met.

The plea in abatement of the third-party defendant, Mortgage Investors of Washington, is sustained, and judgment may enter for that defendant on the grounds indicated.