[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS TO DISMISS
This action was commenced pursuant to 16-262f of the Connecticut General Statutes, seeking a receiver of rents for premises located at 777 Elm Street, New Haven. As instituted, the action named as defendant "Daniel Greer" — individually.
In default of appearance or answer, the court appointed a receiver on February 9, 1990. Greer filed a pro se appearance on April 6, 1990 and moved to reopen. On May 11, 1990, this motion to reopen was granted. On June 26, 1990, the plaintiff filed a new application for a receiver in which the defendant is stated as "Daniel Greer, Trustee." This application was mailed to the defendant Greer without any action by the court and without any motion by the plaintiff.
When the mater as reached again on June 29, 1990, the defendant Greer appeared to oppose the granting of the application but had filed no pleading or motion. He objected to proceeding, claiming the need to obtain counsel. The matter was then continued for a week and counsel appeared to represent Greer and filed the motions to dismiss which are the subject of this CT Page 938 Memorandum of Decision.
Since the plaintiff was ready to proceed with the hearing on July 6, 1990 and had a witness ready to testify, and in view of the last minute filing of the motions, the court decided to hear the evidence and reserve decision on the motions to dismiss. Obviously, the plaintiff's application would not be granted if the motions were granted.
The plaintiff objected to the granting of the motions on the grounds that 142 of the Practice Book and 52-91 of the Connecticut General Statutes state that anyone wishing to contest the court's jurisdiction must do so via a motion to dismiss filed within 30 days of the filing of an appearance.
The plaintiff's reliance on these sections is misplaced in that Practice Book 145 states that any claim of lack of jurisdiction over the subject matter cannot be waived. The court must dismiss the action "whenever it is found after suggestion of the parties or otherwise that the Court lacks subject matter jurisdiction. . ."
The motions to dismiss raise the issues of subject matter jurisdiction and are properly before the court.
 I
The court addresses first the motion to dismiss filed on behalf of Daniel Greer individually. The basis for this motion is that the original application alleged that Greer was the owner, agent, lessor or manager of a residential building at 777 Elm Street, New Haven. . . ." The real property in question is actually owned by "Daniel Greer, Trustee for FOH, Inc."
While the plaintiff was in error in his description of the defendant, Connecticut courts have not subscribed to the drastic action of dismissal in such circumstances.
As far back as 1889, our courts have stated a policy of liberality in permitting amendments to correctly designate a party. McDonald v. Ward, (1889). At page 306, the court noted that permitting such an amendment "would have worked no change in the cause of action, except to make it one against the defendant personally instead of one against her in her representative capacity of administratrix." This policy is also enunciated in Fish, Receiver v. Smith, 73 Conn. 377, 385-386 (1900).
The motion to dismiss of Daniel Greer individually is therefore denied. CT Page 939
 II
When the plaintiff learned of the error in identifying the defendant, he sought to correct the error by filing an amended application, describing the defendant as "Daniel Greer, Trustee." However, this action was flawed in that it was done without leave of court and without service of process on the defendant. The plaintiff merely mailed a copy of the amended application to the defendant.
While this filing was, in essence, a nullity, it does not require a dismissal of the action. The original application remained viable, though the court cannot enter a judgment in the matter because of the mis-identity. This is similar to the situation in Scandinavian Jewelry Box Works, Inc. v. Benjamin D. Gilbert, 18 Conn. Sup. 445 (1953). In that case, Justice John Hamilton King, then a judge of this court, denied the defendant's motion to compel the plaintiff to use its true (Swedish) name in the complaint instead of its English translation. The denial was for "technical reasons," but the court noted at page 446:
 "However, the plaintiff, in its own interest, should forthwith seek permission to amend its writ by the insertion of its true corporate (Swedish) name, which may properly, for convenience, be accompanied by its English translation. 7831. It is at least open to question whether any enforceable judgment could be obtained under the present process. Practice Book 199."
The motion to dismiss of Daniel Greer, Trustee, is denied.
The court does not appreciate the argument of this defendant that he is not "an owner, agent, lessor or manager of the subject building who is billed directly by the plaintiff," as required by statute.
In the hearing of this matter, there was evidence in the form of a water bill and sewer use charge (Exhibit 3 and 1) which were addressed to Daniel Greer, Trustee.
Lest there be any doubt as to the status of this case after the denial of these motions, there is still an action pending to appoint a receiver. The defendant is Daniel Greer. The court cannot grant the relief requested on the present state of the file.
ANTHONY V. DeMAYO, Judge. CT Page 940