EDITH R. McC. HUBBARD
*vs.*
MURIEL McCORMICK HUBBARD ET AL.

ELISHA DYER HUBBARD, II.
*vs.*
MURIEL McCORMICK HUBBARD ET AL.

(Appeal from Probate)

Superior Court     Middlesex County     File Nos. 9016, 9017

MEMORANDUM FILED JANUARY 22, 1945.

*Hugh M. Alcorn,* of Hartford, for the Appellant.

*Arthur E. Howard*, of Hartford, for the Appellee.

INGLIS, J. These are appeals from decrees. of the Probate Court for the District of Middletown approving adoption agree-ments relating to the plaintiffs, who are minors under the age of fourteen years. The appeals were originally taken by one Fowler McCormick, alleging that he was a relative of the minors. On earlier motions to erase the appeals this court (*Mellitz, J.*) held that the then appellant was not a person aggrieved by the probate decree and therefore was not a person entitled to appeal, but appointed him as guardian *ad litem* and next friend "to pursue the present appeals in behalf of said minors," and denied the motions to erase.

In the present motions the appellee, Frances M. Clarke, assigns as reason for the dismissal of the appeals the fact that the appeals were originally taken by Fowler McCormick alone, and, it having been found that he had no standing to take the appeals, it is contended that the appeals are no longer pending and must be erased. The fallacy of this reasoning lies in the fact that the court, although it did find that Fowler McCormick was not an aggrieved person, did not order the appeals erased or dismissed but, on the contrary, ordered that the appeals be continued. In other words, the appellee's present contention has already been ruled upon. By specific and direct order of the court the appeals are continued in spite of the fact that it was found that the former appellant was in no position to take them. This ruling is the law of the case. The court will not now override such a ruling, particularly when the point is raised in exactly the same way as it was in connection with that former ruling.

The second contention which the appellee makes, at least on argument, is that this court has no jurisdiction because the appeals now stand as though they had originally been taken by the minors themselves by guardians *ad litem* or next friends and the minors had no standing to take the appeals because they were not parties.

It is of course true as pointed out by the appellee that an adoption proceeding is *in rem* and that the child involved is not a party to the proceeding. 1 *Am. Jur., Adoption of Children*, §30, p. 635. Under our statute if the child is under

fourteen years of age (as the children here involved are) it is not necessary even to give him notice of the proceeding. (Supp. [1943] §649g.)

The trouble with the appellee's argument, however, is that the statute governing probate appeals does not make a person's right of appeal depend upon whether he is a necessary party to the proceeding. It is made to depend rather upon whether he is aggrieved by the probate decree. The statute reads: "Any person aggrieved by any....decree of a court of probate ....may appeal therefrom to the superior court...." (Gen. Stat. [1930] §4990.) Most probate proceedings are *in rem* and probate decrees very often affect persons who are not parties either because they are outside the jurisdiction and therefore may not be made parties, or for some other reason. The statute, therefore, allows an appeal to any person who is aggrieved, irrespective of whether he is an actual party to the proceedings. The question here, therefore, is not as to whether these minors were parties to the proceedings in the probate court, but rather as to whether they were aggrieved by the decree appealed from.

A person is "aggrieved" as that word is used in the statute if the decree from which he seeks to appeal affects his pecuniary interest or his personal status. *Spencer's Appeal,* 122 Conn. 327, 332; *Weisne's Appeal,* 39 *id.* 537; *White vs. Strong,* 75 *id.* 308, 311. The children in these cases are persons. Not only is their personal status affected by the decrees but also their pecuniary interest, because the decrees approving the adoption of them by Miss Clarke deprives them of the right of inheritance from Mrs. Hubbard. Of all of the persons involved in the proceedings, these children are the ones whose interests are most vitally affected. To say, therefore, that they are not aggrieved (as that word is used in the statute) by these decrees is ridiculous. They are persons aggrieved and for that reason have the right of appeal even though they are not parties to the proceeding in the strict sense of that word.

It is well established that where a minor has the right of appeal from probate such appeal may be taken in his name by any person acting as next friend. This is true even though the minor has a guardian of his person and estate who is a different person from the one acting as next friend. *Williams vs. Cleaveland,* 76 Conn. 426.

Clearly the effect of the former order of this court entered by *Mellitz, J.,* is to put these appeals in the same position as though they had been originally taken by the minors, respectively, acting by their next friend. These minors are persons; they are "aggrieved" by the decrees; and therefore the appeals are properly in this court so that this court has jurisdiction of them.

The motions to erase and to dismiss the appeal in each case are denied.