SCANDINAVIAN JEWELRY BOX WORKS, INC. *v.*
BENJAMIN D. GILBERT

SUPERIOR COURT　　　FAIRFIELD COUNTY　　　FILE No. 89550

Memorandum filed September 24, 1953.

*Boardman, Stoddard & McCarthy,* of Bridgeport, for the Plaintiff.

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, for the Defendant.

KING, J. The plaintiff, a corporation domiciled in Sweden, used only an English translation of its name in the process in this action. Its true (Swedish) name nowhere appears. The defendant, in paragraph one of his motion to correct complaint, seeks to compel the plaintiff to use its true (Swedish) name in the complaint instead of its English translation.

The true name of the plaintiff has no reason to appear in the complaint. Its proper place is in the writ. *Hatch* v. *Boucher,* 77 Conn. 347, 348; *Galvin* v. *Birch,* 97 Conn. 399, 401; General Statutes § 7811.

A motion to correct, including one for a more specific statement, is addressed only to the allegations of a pleading, such as a complaint. Practice Book §§ 59, 60; General Statutes § 7822. Consequently such a motion cannot be used to reach a defect in any part of the process other than a pleading. Hence, for technical reasons, paragraph one of the defendant's motion to correct must be denied.

However, the plaintiff, in its own interest, should forthwith seek permission to amend its writ by the insertion of its true corporate (Swedish) name, which may properly, for convenience, be accompanied by its English translation. § 7831. It is at least open to question whether any enforceable judgment could be obtained under the present process. Practice Book § 199.

Paragraph one of the complaint alleges that on or about a named date a named sum of money was found due to the plaintiff from the defendant "on account then and there stated between them." The

defendant, in paragraph two of his motion to correct, seeks to have the plaintiff allege the nature of the business relationship between the parties and the relevant terms of the contract between them on which the plaintiff bases its complaint.

The plaintiff has seen fit to limit itself to a cause of action for an account stated. It is immaterial what the antecedent relations of the parties were which led to the statement of account. This is because the plaintiff must stand or fall on proof of an account stated, which is a new cause of action independent of the items of debit and credit from which the final figure of the account stated was derived. 1 Am. Jur. 272, § 16, 290, §§ 39, 40; see also *Dunnett* v. *Thornton,* 73 Conn. 1, 16. If illegality is claimed to be an effective defense, in whole or in part, it must be specially pleaded by the defendant. Practice Book § 102.

For the foregoing reasons the motion to correct the complaint is denied in toto.