[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#149)
The defendant, Smith Richardson Foundation, Inc., has filed this motion dated August 3, 2000 seeking to dismiss the plaintiff's appeal from a decision of the Court of Probate, District of Westport. The defendant claims lack of subject matter jurisdiction because the plaintiff, The Randolph Foundation, is an unincorporated testamentary trust and is therefore an entity without the legal capacity to litigate in Connecticut courts. This is an issue of first impression, not having previously been the subject of any Connecticut appellate or trial court ruling.
 BACKGROUND FACTS
Plaintiff, The Randolph Foundation (TRF), is a charitable trust established under Article 6 of the July 29, 1969 Last Will and Testament of H. Smith Richardson. It has assets of over 50 million dollars. The defendant, Smith Richardson Foundation, Inc., (SRF) is a corporate foundation established during the lifetime of H. Smith Richardson and has assets in excess of $500 million dollars. These two charitable entities are engaged in a series of disputes over foundation management and asset distribution.
There are five pending lawsuits assigned to the Complex Civil Litigation Docket and all arise from decisions of the Westport Probate Judge, Honorable Earl F. Capuano. The first appeal was taken by TRF from a January 12, 1998 order that the TRF give future notice to SRF of all probate court matters. The second appeal was filed by the SRF from the approval by the Westport Probate Court of a charitable distribution and/or grant and/or loan of $1,250,000 by TRF to the Free Congress Research and CT Page 4796 Education Foundation, Inc. The third appeal is the subject of this instant litigation. TRF appealed on October 16, 1998 from an August 12, 1998 seven page written decision by Judge Capuano concerning an accounting covering the period of April 1, 1993 through December 31, 1996. The fourth appeal was from the decree of the probate court ordering payment for attorney's fees incurred by the audit committee in the litigation of objections to the accounting. The fifth appeal was taken from the February 1990 order of the Probate Court, that the audit committee chairman be salaried, payable out of trust funds. All of these appeals were transferred to the Complex Civil Litigation Docket in August 1999 and essentially arise out of the accounting for the period of April 1, 1993 through December 31, 1996. They all involve hearings occurring at various dates before the Probate Court, District of Westport, Earl J. Capuano, Judge.
This is the third motion to dismiss alleging lack of subject matter jurisdiction that has been filed in this instant litigation. The first motion to dismiss filed by SRF alleged that the Reasons for Appeal failed to allege sufficient information to establish that the Superior Court had jurisdiction to hear this appeal. The trial court held that Article 6 of the Last Will and Testament of H. Smith Richardson was incorporated by reference in the appellate papers and denied the first motion to dismiss. The Randolph Foundation v. Probate Appeal, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 98-0167903 S (August 13, 1999, Karazin, J.) (1999 Ct. Sup. 11335).
The second motion to dismiss was filed by the defendant SRF on September 9, 1999 and requested the dismissal of the Second Count of the plaintiff's Reasons for Appeal. The motion claimed that the court lacked subject matter jurisdiction because the issue raised in the Second Count, "was not part of the order of the probate court appealed from." This court found that the Second Count was not the subject of the probate hearing before Judge Capuano. "The Superior Court cannot consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked." Hartford Kosher Caterers, Inc. v. Gazda,165 Conn. 478, 486 (1973). By that authority, this court dismissed the Second Count of the Reasons for Appeal. The Randolph Foundation et al.v. Appeal from Probate Court of Westport, Superior Court, judicial district of Stamford-Norwalk at Stamford, Complex Civil Litigation, Docket No. X05 CV 98-0167903 5, (May 30, 2000, Tierney, J.) (27 Conn.L.Rptr. 356) (2000 Ct. Sup. 6339).
Another motion to dismiss was filed in a companion case in which SPY appealed to the Superior Court from an order and decree of the Probate Court approving the accounting. The motion claimed that SPY lacked standing to appeal since SPY is, "no more than a future contingent CT Page 4797 beneficiary with no present legal interest in the probate decree." Further TRF claimed that even if it was a present beneficiary, SPY has no standing since, "standing is exclusively vested with the Attorney General of Connecticut" in all charitable disputes. The trial court found that the SRF had alleged enough facts to show that it had a special interest in the administration of the trust. The motion to dismiss was denied citing Steeneck v. University of Bridgeport, 235 Conn. 572, 588 (1995). The court also noted that the Attorney General has continued to decline to participate in this action. Smith Richardson Foundation v. ProbateAppeal, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 98-0166789 S (March 8, 1999, Rodriguez, J.) (24 Conn.L.Rptr. 120) (1999 Ct. Sup. 2946).
 DISCUSSION OF LAW
This is an appeal from an order of the Probate Court. Such appeals are only authorized by statute. "Any person aggrieved by any order, denial, or decree of a court of probate in any manner, unless otherwise specially provided by law, may appeal therefrom to the Superior Court in accordance with subsection (b) of this section." General Statutes § 45a-186
(a). SRF claims that TRF, as a non-corporate trust is not a "person" under General Statutes § 45a-186 (a) and thus cannot sue or be sued. The probate statutes do not contain a definition of "person." For the purpose of settling a decedent's estate a "person" has been defined: "Person means a natural person, association, board, corporation, limited liability company, partnership or other firm or entity." General Statutes § 45a-353 (1). In the general definition section, the definition of person, "may extend and be applied to communities, companies, corporations, private or public, limited liability companies, societies or associations." General Statutes § 1-1 (k).
 It is a well established legal principle that "[a] trustee is not an agent. An agent represents and acts for his principal, who may be either a natural or artificial person. A trustee may be defined generally as a person in whom some estate, interest, or power in or affecting property is vested for the benefit of another." Taylor v. Davis, 110 U.S. 330, 334-35, 4 S. CT. 147, 28 L.Ed. 163 (1884). Section 8 of the Restatement (Second) Trusts, comment (b) (1959), also endorses the principle that a trustee is distinct from an agent. "An agent undertakes to act on behalf of his principal and subject to his control . . . a trustee as such is not subject to the control of the beneficiary, except that he is under a duty to deal with the trust property for his benefit in accordance CT Page 4798 with the terms of the trust and can be compelled . . . to perform this duty." Id. 23-24.
Heise v. Rosow, 62 Conn. App. 275, 282 (2001).
TRF alleges that this Motion to Dismiss is nothing other than a dilatory tactic, the third in line of attempts to dismiss filed by SRF. On that basis TRF asks that the Motion to Dismiss be denied. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer,218 Conn. 531, 544 (1991). "Standing . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656 (1996). A deficiency in subject matter jurisdiction may be raised at any point including sua sponte by the Supreme Court on appeal. Savage v. Aronson,214 Conn. 256, 262 n. 5 (1990). When lack of subject matter jurisdiction is raised, the court must stop the proceedings and deal with that issue. A defect in subject matter jurisdiction cannot be waived. Subject matter jurisdiction cannot be conferred on the court by agreement of the parties. "Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must filly resolve it before proceeding further with the case. . . ." Figueroa v. CS Ball Bearing, 237 Conn. 1, 4 (1996).
 Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver . . . Jurisdiction over the subject matter is the court's power to hear and decide cases of the general class to which the proceedings at issue belong . . . Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged. (Citations omitted; internal quotation marks omitted.)
Haigh v. Haigh, 50 Conn. App. 456, 460-61 (1998).
Therefore, SRF's Motion to Dismiss is timely and must be dealt with by the court even though SPY has filed two prior motions to dismiss in this action.
The issue raised by this motion is whether a trust is a legal entity that has authority to sue and be sued in Connecticut. This is an issue of standing. There is no appellate or trial court decision on point. CT Page 4799
 [T]he standing doctrine requires a plaintiff to demonstrate two facts. First, the complaining party must be a proper party to request adjudication of the issues. . . . Second, the person or persons who prosecute the claim on behalf of the complaining party must have authority to represent the party. (Citation omitted; internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v. Gamm, supra, 241 Conn. 553. Moreover, [w]hen standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the [party] has a legally protected interest [which may be remedied]. (Internal quotation marks omitted.) Steeneck v. University of Bridgeport, 235 Conn. 572, 579, 668 A.2d 688 (1995).
In Re Jonathan M., 255 Conn. 208, 219 (2001).
The underlying lawsuit brought by the plaintiff TRF is an appeal from probate. Such an appeal is entirely statutory. Sears v. Terry, 26 Conn. 273,285 (1857); Sacksell v. Barrett, 132 Conn. 139, 146 (1945). "In each appeal from probate or from the doings of commissioners, the interest of the appellant shall be stated in the motion for appeal, unless such interest shall appear on the face of the proceedings and records of such court of probate." Sacksell v. Barrett, supra, 132 Conn. 146; Woodbury'sAppeal, 70 Conn. 455, 456 (1898). This rule has been codified in General Statutes § 45a-191. The Superior Court cannot enlarge the scope of the appeal. Sacksell v. Barrett, supra, 132 Conn. 146; Wildman's Appeal,111 Conn. 683, 686 (1930). The statute authorizes an appeal from probate only by those who are aggrieved by the decree appealed from. If the appellant is not actually aggrieved then the Superior Court is without jurisdiction to hear this appeal. Pavlik v. Meriden Trust Safe DepositCo., 139 Conn. 733, 735 (1953).
 Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court . . . Aggrievement falls within two categories, classical and statutory. (Citations omitted; internal quotation marks omitted.) Kucej v. Kucej, supra, 34 Conn. App. 581-82. [T]he existence of [classical] aggrievement depends upon whether there is a possibility, as distinguished from a certainty, that some legally protected interest [of CT Page 4800 the appellant] . . . has been adversely affected . . . Moreover, it must appear that the interest which is adversely affected is a direct interest in the subject matter of the decree from which the appeal is taken. (Citations omitted; internal quotation marks omitted.) Appeal from Probate of Bencivenga, 30 Conn. App. 334, 336-37, 620 A.2d 195 (1993), aff'd, 228 Conn. 439, 636 A.2d 832 (1994); Erisoty's Appeal from Probate, 216 Conn. 514, 520, 582 A.2d 760 (1990). Statutory aggrievement exists by legislative flat, which grants an appellant standing by virtue of particular legislation, rather than by judicial analysis of the particular facts of the case. (Internal quotation marks omitted.) Kucej v. Kucej, supra, 582.
Honan v. Greene, 37 Conn. App. 137, 144-45 (1995).
There is no claim in this file that the plaintiff has statutory aggrievement. Therefore, classical aggrievement is the only issue impacting standing. O'Leary v. McGuinness, 140 Conn. 80, 83 (1953). "To be aggrieved, a person must have an interest in the estate which has been adversely affected by the decree." Id. 83.
Both parties agree that a decedent's estate is not a legal entity in Connecticut and as such, cannot sue nor be sued. Isaac v. Mount SinaiHospital, 3 Conn. App. 598, 600, cert. denied, 196 Conn. 807 (1985). "An estate is not a legal entity." It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent." Isaac v. Mount SinaiHospital, supra, 3 Conn. App. 600; State Bar Assn. of Connecticut v. TheConnecticut Bank Trust Co., 20 Conn. Sup. 248, 262 (1957). "Not having a legal existence, it can neither sue nor be sued." Isaac v. Mount SinaiHospital, supra, 3 Conn. App. 600; W. Locke P. Kohn, Connecticut Probate Practice § 375; Vonchina v. Turner's Estate, 315 P.2d 723,727 (1957); Estate of Schoeller v. Becker, 33 Conn. Sup. 79, 80 (1975). In addition, the General Statutes have created certain causes of action that can be maintained only by an executor or administrator of a decedent's estate. See General Statutes § 52-555 (a). It is the executor or administrator of a decedent's estate that is the proper party to sue or be sued, not the estate. Keogh v. Bridgeport, 187 Conn. 53, 58
(1982). See General Statutes § 52-69. "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." Isaac v. Mount Sinai Hospital,
supra, 3 Conn. App. 600. CT Page 4801
An analysis of entities and their power to sue or be sued in Connecticut is helpful to the determination of the issue raised by this Motion to Dismiss.
I. Trade name: An individual has the right to file a certificate of trade name with the town clerk under General Statutes § 35-1 (a). A number of trial courts have held that a registered trade name is not a legal entity and the trade name, as a plaintiff, has no standing to institute suit. Those lawsuits have been dismissed for lack of subject matter jurisdiction. Suit must be brought in the name of the owner, "doing business as" the trade name, not the trade name as a separate entity. GMA Yacht Sales v. Skagit Marine Distributing, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99-0364155 (September 7, 2000, Skolnick, J.) (28 Conn.L.Rptr. 227) (2000 Ct. Sup. 11612); American Rental Centers v. ITT Hartford Ins.Group, Superior Court, judicial district of New Britain, Docket No. CV 92-0453271 S (March 17, 1993, Berger, J.) (8 C.S.C.R. 412) (1993 Ct. Sup. 2709) ("No action may be brought by, nor may any suit be maintained against, a trade name as an entity . . . Any such proceeding is a nullity.").
II. Conservator: A conservator acting in its capacity as a conservator cannot be personally sued for breach of contract entered into for the benefit of his ward since the conservator acts as agent for the Probate Court. There is no standing for a conservator to sue or be sued in his individual capacity. Zanoni v. Hudon, 48 Conn. App. 32, 38 (1998).
III. Assumed name: "It appears well settled that the use of a fictitious or assumed business name does not create a separate legal entity and that the designation d/b/a is merely descriptive of the person or corporation who does business under some other name." Bauer v.Pounds, 61 Conn. App. 29, 36 (2000). A corporation is a person, although not a natural person. Bauer v. Pounds held that the use of "d/b/a" or "doing business as" to associate a trade name with a corporation does not create a legal entity separate from a corporation, but is merely descriptive of the corporation. Id. 36.
IV. Partnerships: Partnerships at common law were generally regarded as an aggregate of individuals. "Because the partnership was not regarded as a legal entity it could not take or hold title to real estate in the firm name." Fidelity Trust Co. v. BVD Associates, 196 Conn. 270, 273 (1985). The Uniform Partnership Act was repealed effective July 1, 1997. General Statutes §§ 34-39 to 34-81 Chapter 611. It has now been recodified by P.A. 95-341 in Chapter 614. By statute "a partnership is an entity distinct from its partners." General Statutes § 34-313. "A partnership may sue and be sued in the name of the partnership." General CT Page 4802 Statutes § 34-328 (a). Thus, partnerships have legal status to sue or be sued only by reason of direct statutory authority.
V. Misdescription of defendant as a party: It has been held that the misdescription of a party raises an issue as to whether that party is a legal entity that can be sued. "The effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latterit will not be allowed." World Fire Marine Ins.Co. v. Alliance Sandblasting Co., 105 Conn. 640, 643-44 (1927). "The Alliance Sandblasting Company, a corporation of New York having an office and carrying on business in the City of Hartford," was sued in that name. The trial court authorized an amendment to the writ striking the name of the defendant as it originally appeared and substituting the name of "Julius Goodman doing business under the trade name of the Alliance Sandblasting Company." The amendment was attacked by the defendant claiming that this constituted a substitution of a party. Upholding the amendment the Supreme Court held that: "the plaintiff's mistake was not as to the entity itself-not as to the party sued, but in describing what kind of an entity the defendant was; it sued the proper party, but in so doing misdescribed that party, not in respect to name, but solely as to status, as being an artificial instead of a personal entity. . . . The change made by the amendment did not affect the identity of the party sought to be described, but merely description of the real party sued; it did not substitute or bring in a new Id. 643.
Following in that line of cases is Motiejaitis v. Johnson, 117 Conn. 631,636 (1933). The plaintiff sued "J. Johnson Sons, Incorporated," a Connecticut corporation. After the verdict had been rendered but before judgment was entered, the plaintiff was allowed to amend the writ substituting "Joseph C. Johnson, New Haven, Connecticut and Joseph C. Johnson as executor of the estate of Albert J. Johnson" as the defendant on the basis that Albert J. Joseph C. had been partners in trade doing business as J. Johnson Sons. The Supreme Court held that the trial court committed no error in permitting an amendment naming the real parties. Id. 638.
Pack v. Burns, 212 Conn. 381 followed in 1989. The defendant sued the "State of Connecticut Transportation Commission." There was no such entity. The defendant, State of Connecticut, Department of Transportation, moved to strike on the basis that the proper defendant was the "Commissioner of Transportation" and the named defendant did not exist. The plaintiff filed a motion to cite in the "Commissioner of Transportation, J. William Burns," as the proper party defendant, which was granted. The Commissioner was served with an amended complaint. The CT Page 4803 commissioner moved for summary judgment maintaining that the statute of limitations had run from the date of the incident to the date that J. William Burns was named as a party. The Supreme Court held that the plaintiff intended to sue the commissioner of transportation and that the commissioner knew that he was the intended defendant. The commissioner was not misled to his prejudice. The office of the commissioner was served with the initial lawsuit. It was conceded by all parties and the courts that the "Connecticut Transportation Commission" was a non-existent entity.
The Supreme Court adopted three factors concerning the misdescription of a defendant as a party: (1) The proper party defendant has actual notice of the institution of the action; (2) The proper party knew that it was the proper defendant in the action, and (3) The proper party was not in any way misled to its prejudice. Id. 385. Pack v. Burns does not discuss any standards concerning the misdescription of a plaintiff in instituting suit.
VI. Trustee in Chapter 7 bankruptcy: When property is owned by an individual and that individual files bankruptcy under Chapter 7, the title to the property becomes part of the bankruptcy estate. The bankruptcy estate under Chapter 7 created an estate that is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541 (a)(1). "Once a Chapter 7 petition is filed, the trustee becomes the proper party to maintain a cause of action on behalf of the debtor." New Milford v. Savings Bank v.Jajer, 44 Conn. App. 588, 592 n. 4 (1997). The trustee in bankruptcy can abandon his interest in the property and the property then reverts back to the individual defendant. "Prior to the trustee's abandonment, the trustee would also have been a proper party to maintain a cause of action on behalf of the defendants." Id. 593-94. Thus, neither the former owners nor the bankruptcy estate is a proper party, while the estate is in bankruptcy under Chapter 7. The trustee is the proper party. Id. 594.
VII. Life Trustee of a University: A life trustee of the University of Bridgeport, a nonstock nonprofit Connecticut corporation, lacked standing to challenge by a lawsuit the validity of the agreement entered into between the Board of Trustees of the University and a third party, Professors World Peace Academy. It was held that the life trustee is largely an honorary one and the life trustee does not have genuine or substantial management functions but is limited instead to influencing actions by persuasion rather than the exercise of power. The plaintiff as a life trustee lacks standing under the provisions of the nonstock corporation statute, and could not be considered a director under that statute. Steeneck v. University of Bridgeport, supra, 235 Conn. 585-86. CT Page 4804
VIII. Foundations making completed restricted charitable gifts: The plaintiff, Carl J. Herzog Foundation, Inc., was held to lack standing to enforce the restrictions contained in a completed restricted charitable gift made by the Foundation to the University of Bridgeport. Carl J.Herzog Foundation, Inc. v. University of Bridgeport, 243 Conn. I (1997). Donors of completed charitable gifts have no standing to redirect those gifts. The court rejected the argument that the Connecticut Uniform Management of Institutional Funds Act (CUMIFA), General Statutes §§45a-526 through 45a-534, established statutory standards so that the Foundation can bring an action to enforce the terms of a completed charitable gift. The Supreme Court held that the legislature did not intend to establish donor standing under the circumstances of this case. "At common law, a donor who has made a completed charitable contribution, whether an absolute gift or in trust, had no standing to bring an action to enforce the terms of his or her gift or trust unless he or she had expressly reserved the right to do so." Carl J. HerzogFoundation, Inc. v. University of Bridgeport, supra, 243 Conn. 5-6.
IX. Contingent beneficiary: A contingent beneficiary has no right to challenge the administration of a charity. Averill v. Lewis, 106 Conn. 582
(1927). Averill held that the Attorney General, speaking for all members of the charitable public or the trustees, had standing to protect prospective beneficiaries not the beneficiaries who were unascertainable members of the general public. Contingent beneficiaries have no such power. Id. 591.
Averill is also of interest in the analysis of charitable trusts, including public charitable trusts. "Since the recipients of this charity are now unascertainable members of the general public, the beneficiary class should be represented and their interests protected by the trustees, or, upon their failure to act, then by the public-attorney formerly the State's Attorney now the Attorney General." Id. 591. The statute, originating in 1684, now reads: "The Attorney General . . . shall represent the public interest in the protection of any gift, legacies or devises intended for public or charitable purposes." General Statutes § 3-125.
X. Trustees of charities: The powers and duties of trustees of charities were discussed in O'Leary v. McGuinness, supra, 140 Conn. 86. It is "the duty of the plaintiff, as trustee for the various charities which he and his cotrustee would select, to protect the interests of those charities against extinguishment by the probating of the codicil." Id. 86. "The law, therefore, is well settled that a trustee under a will has a duty to protect the interests of the beneficiaries of the trust. Where those interests are adversely affected by a later will or codicil, he is aggrieved by a probate decree allowing the later will or codicil so CT Page 4805 that he may appeal therefrom. A trustee of a charitable trust has a special duty to protect the interests of the beneficiaries because the real beneficiaries are unascertainable and therefore unable to protect themselves." Id. 88. Averill v. Lewis, supra, 106 Conn. 591. The plaintiff, O'Leary, was a trustee who was held to be aggrieved and thus, could maintain the lawsuit. It makes no difference that the Attorney General may also have the right of appeal. The trustee has the primary obligation to protect the trust assets. O'Leary v. McGuinness, supra,140 Conn. 88.
XI. Individual members of a limited liability company have no standingto sue:
A limited liability company is a statutory entity. "A limited liability company shall have power to and may sue and be sued. . . ." General Statutes § 34-124 (b). "Suits may be brought by or against a limited liability company in its own name." General Statutes § 34-186. "A member or manager of a limited liability company is not a proper party to a proceeding by or against a limited liability company solely by reason of being a member or manager of the limited liability company. . . ." General Statutes § 34-134.
A lawyer who is a member of a limited liability company and who actually rendered the legal services to a client cannot sue the client in the lawyer's individual name. The suit must be brought in the name of the limited liability company and not in the name of individual members.Crozier v. Gattoni, Superior Court, judicial district of Waterbury, Docket No. CV 97-0142985 (October 6, 2000, Doherty, J.) (28 Conn.L.Rptr. 320) (2000 Ct. Sup. 12460). The lawsuit of attorney Crozier individually was dismissed for lack of subject matter jurisdiction due to lack of standing.
The issue of standing, "implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings."Stamford Hospital v. Vega, supra, 236 Conn. 656. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless one has, in an individual or representative capacity, some real interest in the cause of action. . . ." Crone v. Gill, 250 Conn. 476, 479 (1999). "Standing focuses on whether the party initiating the action is the proper party to request adjudication of the issues." U.S.T. Bank/Connecticut v. Davenport,47 Conn. App. 459, 464 (1998).
XII. Trustees of an employee welfare fund are the proper parties tolitigate:
CT Page 4806
Employee welfare funds have been defined by statute as, "any trust fund established by one or more employers and one or more labor organizations or one or more third parties not affiliated with the employers to provide moneys in the fund, whether through the purchase of insurance or annuity contracts or otherwise, benefits under an employee welfare plan." General Statutes §§ 31-53 (h) and 31-89a. In a suit by or against an employee welfare fund, the trustees are the proper parties, not the fund. Eacott,Trustee v. Ins. Co. of North America, 40 Conn. App. 777, 780 (1996);Flynn v. Newington, 2 Conn. App. 230, 238 (1984); Daly Trust v.Buckingham Routh Co., 183 Conn. 357, 359 (1981); State v. Guy,37 Conn. Sup. 566, 567 (1981) (Trustees of a pension trust fund must be served with garnishment documents and be made parties. General Statutes § 52-321).
XIII. Statutory service against various entities:
The legislature has adopted methods of service on various entities. While this does not control the issue, it provides an opportunity to examine the legislative analysis of various entities. The statutes list entities that can be sued and the person in those entities who has to be served in order to commence litigation against that entity. General Statutes § 52-57 sets forth service upon towns, cities, boroughs, school districts and municipal and quasimunicipal corporations, private corporations, partnerships and voluntary associations. The legislature also enacted legislation permitting a suit to be filed against deceased person's: "representatives and creditors," when no executor or administrator was appointed." General Statutes § 52-69.
XIV. Trustees may be sued without joining the beneficiaries of the trust:
The legislature has granted certain fiduciaries the power to institute suit without joining the beneficiaries. "An executor, administrator or trustee of an express trust may sue or be sued without joining the persons represented by him and beneficially interested in the "action." General Statutes § 52-106; Palmer v. Hartford National Bank TrustCo., 160 Conn. 415, 425 (1971).
"The trustees of a fund have a duty to protect it . . . They hold the legal title to that fund . . . the trustees represent the beneficiaries of the trust." (Citations omitted.) Id. 425. O'Leary v. McGuinness,
supra, 140 Conn. 88.
XV. Unincorporated division of a corporation cannot sue:
It was held that "ITT Semiconductors, a division of ITT Corporation" is not a proper entity to commence litigation in Connecticut. ITTCT Page 4807Semiconductors v. Matheson Gas Products, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 89-029553 (October 2, 1991, Maiocco, J.) (5 Conn.L.Rptr. 80) (6 C.S.C.R. 947) (1991 Ct. Sup. 8485) (The court agreed that the named plaintiff is a division of ITT Corporation. A division is not a legal entity. It lacks capacity to sue. The plaintiff has no standing, and therefore, the court lacks subject matter jurisdiction. Since the named actual real plaintiff in interest was ITT Corporation and it had been identified in the description of the plaintiff in the writ of summons and complaint, the court granted the plaintiff's motion to substitute ITT Corporation as the party plaintiff in accordance with General Statutes § 52-109.).
ITT also cited another permissive amendment case where the plaintiff, a Swedish corporation sued in Connecticut in its name translated into English. The court permitted the plaintiff to amend its name to the correct version in Swedish. Scandinavian Jewelry Box Works, Inc. v.Gilbert, 18 Conn. Sup. 445, 446 (1953). "However, the plaintiff, in its own interest, should forthwith seek permission to amend its writ by the insertion of its true corporate (Swedish) name, which may properly, for convenience, be accompanied by its English translation." Id. 446.
XVI. Statutory Trust may sue and be sued in its own name:
Effective October 1, 1997 the Connecticut Statutory Trust Act was adopted. TRF was created well before October 1, 1997. There is no evidence nor allegation that TRF is a statutory trust.
"A statutory trust is hereby declared to be a permitted form of association for the conduct of business in this state . . ." General Statutes § 34-502 (a). "A statutory trust shall have the power to sue and be sued in its own name." General Statutes § 34-502b.
The certificate of trust shall be filed with the office of the Secretary of State. General Statutes § 34-503 (a). There is no evidence or allegation that TRF has filed with the Secretary of State. "The name of each statutory trust as set forth in its certificate of trust shall contain one or more of the following words, or abbreviations: `Statutory Trust', `Limited Liability Trust', `Limited', `LLT', `L.L.T', or `Ltd'." General Statutes § 34-506 (c). There is no evidence or allegation that TRF has any such designation. There is no evidence or allegation that TRF is a "business trust," "Massachusettes trust," "grantor trust," "real estate investment trust," "foreign statutory trust" or any other form of "statutory trust" "domestic statutory trust," or "foreign statutory trust" as defined by statute. General Statutes § 34-501 (2) and (3). CT Page 4808
This court concludes that TRF is not a Connecticut Statutory Trust.
XVII. Deceased persons cannot be sued: There is no authority in Connecticut for a deceased person to be sued. "While there is no authority on the permissibility of naming dead people as defendant, an analogy can be drawn to a deceased's estate. Like an estate, a dead person is not a legal entity. . . . Not having a legal existence, it can neither sue nor be sued. Isaac v. Mount Sinai, 3 Conn. App. 598, 600,490 A.2d 1024 (1985), citing Estate of Schoeller v. Becker,33 Conn. Sup. 79, 80 360 A.2d 905 (1995). Bridgeport Wilmot Apartmentsv. Thomas A. Gerety, Administrator, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 96-0332356 S (July 29, 1997, West, J.) (1997 Conn. Super, LEXIS 2154).
XVIII. Voluntary associations may sue and be sued in their own names:
By statute such is the rule that voluntary associations are legal entities for suit purposes. "Any number of persons associated together as a voluntary association, not having corporate powers, but known by a distinguishing name, may sue and be sued and plead and be impleaded by such name." General Statutes § 52-76.
XIX. Heirs and beneficiaries under a will have limited standing: The status of heir and beneficiary under a will is insufficient to confer standing to contest the account of a conservatrix, Fitzhugh v. Fitzhugh,156 Conn. 625, 626 and 627 (1968); Bucholz's Appeal from Probate,9 Conn. App. 413, 417 (1987); or to create standing to contest appointment of a conservatrix, Maloney v. Taplin, 154 Conn. 247, 250
(1966).
 FACTS
This court has examined the documents that commenced this litigation. The Motion for Appeal from Probate dated September 8, 1998 was signed by "The Randolph Foundation" by its attorneys, Day, Berry Howard, LLP. The motion identified TRF as "The subscriber, The Randolph Foundation, represents. . . ." The motion further alleges aggrievement as follows: "The subscriber is aggrieved by the Order and Decree of this Court." TRE took the appeal by using the following language in its Motion for Appeal from Probate: "WHEREFORE, the subscriber moves an appeal and does hereby appeal from the Order and Decree to the Superior Court for the Judicial District of Stamford-Norwalk at Stamford, to be held at 123 Hoyt Street, Stamford, Connecticut on October 6, 1998."
The Motion for Appeal from Probate was acted upon by the Judge of Probate, District of Westport, Earl J. Capuano, J. who signed the Decree Allowing Appeal from Probate. This order was signed on September 9, CT Page 4809 1998. The heading of the order is entitled; "In Re Trust u/w of H. Smith Richardson Article VI, Charitable Trust." The Complainant listed in the September 9, 1998 Decree is "The Randolph Foundation." The Decree notes that: "WHEREAS, Complainant, The Randolph Foundation has moved an appeal to the Superior Court . . ." The Decree further alleges the aggrieved party as: "WHEREAS Complainant, The Randolph Foundation says that it is aggrieved by the Order dated August 12, 1998."
The Recognizance attached to the above two documents that commenced this lawsuit taken by the attorney of record for TRF, Jan I. Berlage of Day, Berry Howard, LLC, provides: "The Randolph Foundation, as principal and Michael Jeter of 14 Garden Street, Avon, Connecticut, as surety are recognized in the sum of $150.00 for costs in the foregoing appeal."
The Clerk of the Probate Court certified the documents by stating: "The foregoing is a true copy of the original motion for appeal and order allowing said appeal of The Randolph Foundation by their attorney-in-fact, James Sicilian and Jan I. Berlage of Day, Berry and Howard, LLP from the Order and Decree dated August 12, 1998 under Trust u/w of H. Smith Richardson, Article VI, Charitable Trust." All these documents were served by a Deputy Sheriff on four attorneys who have filed appearances in this matter representing interested persons, the Attorney General of Connecticut and an officer of Smith Richardson Foundation. The return of service is dated September 14, 1998.
On October 16, 1998 TRF filed its Reasons for Appeal: "Plaintiff, The Randolph Foundation ('TRF'), acting through its Trustees, hereby alleges as follows." On page ten of the Reasons for Appeal there is a claim for damages, which states: "WHEREFORE, TRF, acting through its Trustees, respectfully demands a judgment . . ." The Reasons for Appeal was signed: "Respectfully submitted, THE RANDOLPH FOUNDATION" and it was signed by Day, Berry Howard, LLP. This document is the first that references the Trustees but it still names TRF as the appealing and aggrieved party.
On November 9, 1998 Connecticut counsel for TRF moved for Pro Hoc Vice permission for a New York Attorney "as counsel for The Randolph Foundation and the Trustees of The Randolph Foundation." The motion was signed: "Plaintiff/Appellant, The Randolph Foundation." TRF, without any mention of the Trustees, opposed SRF's first Motion to Dismiss on December 4, 1998. The Memorandum of Law was signed: "Plaintiff/Appellant, The Randolph Foundation." TRF filed two motions for default in April 1999 and a motion to transfer this matter to the Complex Civil Litigation docket in August 1999 all signed: "Plaintiff Appellant, The Randolph Foundation." CT Page 4810
On September 24, 1999 the plaintiff submitted Appellant's Opposition to Motion to Dismiss which stated: "Appellants, The Randolph Foundation et al (TRF), hereby oppose. . . ." That opposition memorandum was signed, "Respectfully submitted, The Randolph Foundation and the Trustees of The Randolph Foundation." For the first time since the commencement of this appeal over a year prior, the pleadings were partially signed on behalf of the Trustees. Thereafter, most documents submitted by the plaintiff were signed by Day, Berry and Howard, LLC, for The Randolph Foundation as well as the Trustees of The Randolph Foundation.
 CONCLUSION
The subject matter of this appeal is a periodic accounting filed with the probate court by the Trustees of TRF. Despite that fact, it is the Trust that took the appeal, not the Trustees. There has been no Motion to Amend filed to include the Trustees as the proper party plaintiff.
The defendant, SPY, is a corporation. A corporation is a statutory entity. Although not a natural person, a corporation has standing to sue or be sued. TRF is not a corporation. It could have been established as a private foundation in a corporate structure. It could have been, but was not. It was established by Article 6 of the Last Will and Testament of H. Smith Richardson and has not since been incorporated. TRF has not devolved into any other legal entity.
It is noted that later pleadings were filed in the name of the "TRF acting by its Trustees." No court permission was granted nor applied for. No such amendment was filed. No such pleading purportedly filed by the Trustees can be recognized as a de facto admission by SPY that this court already has the real party in interest before it — the individual Trustees of TRF. This is so whether or not SPY has suffered prejudice. The Trustees of TRF have not attempted to be substituted as the party plaintiffs.
A trial court decision involving a REIT, real estate investment trust, touched upon the issue of whether a trust as an entity could be sued.Lafayette Bank Trust Co. v. Branchini Sons Construction Co.,32 Conn. Sup. 124 (1975). The issue in that case was whether an unincorporated Maryland business trust was properly served under General Statutes § 52-59b and the service on corporations act, General Statutes § 33-411. "Generally, business trusts may be sued in the trust or company name, as was done here, in those states where they are recognized as distinct and separate legal entities by the courts or by statute." Lafayette Bank Trust Co. v. Branchini Sons ConstructionCo., supra, 32 Conn. Sup. 125. Lafayette held that since Connecticut has CT Page 4811 no such statute or case law, a business trust cannot sue or be sued in Connecticut. Id. 127. "Where such trusts have no standing to sue or be sued in their own names, suit must normally be brought by or against the trustees." Id. 125.
Neither party briefed whether there is an essential difference between a decedent's estate and a testamentary trust. Both are entities created by a will. They are transitory in nature. Both are testamentary acts. Both are post-mortem transfers of assets. Both are managed by a fiduciary whose powers are designated by the will and/or statute. Both fiduciaries have accounting obligations. Both the executor and trustee are fiduciaries designated by the will and subject to appointment by the probate court. Both entities have as their purpose the passing of assets from one individual and/or generation to another. Both are subject to regulation by the probate court upon due notice and hearing. By statute a nonresident executor, administrator or trustee appoints the judge of probate as his agent for service. General Statutes § 52-60. Executors, administrators and trustees obtain powers from the Fiduciary Powers Act. General Statutes § 45a-233 et seq. It appears from this analysis that a decedent's estate and a testamentary trust are structurally similar. Bezzini v. Department of Social Services,49 Conn. App. 432, 442-43 (1998).
Research has disclosed a Connecticut decision from, the Probate Court, District of Greenwich, In re Julie A. Pappalardo Settlor and Beneficiaryof the Inter Vivos Trust created on October 14, 1985, Probate Court, District of Greenwich (May 28, 1996, Tobin, J.), a copy of which is on file in this instant case, and marked as court exhibit 1. Judge David R. Tobin ordered John F. Andrews as Trustee of two separate inter vivos trusts to file an account for the trust created on October 14, 1985 in accordance with General Statutes § 45a-175 (c) after an application by Julie A. Pappalardo, the settlor and beneficiary of that trust. John F. Andrews claimed that he was not subject to the jurisdiction of the Probate Court, District of Greenwich because a partnership owned the Greenwich real property that was the res of the trust. He claimed, in accordance with General Statutes § 45a-175 (c)(2)(c), that the trust assets are not situated in the District of Greenwich.
The trustee claimed that the entire real property was owned by a partnership and the two partners were the two separate trusts of which he was the trustee. The October 14, 1985 inter vivos trust and the March 31, 1980 inter vivos trust were created by different settlors. The Probate Court found that two trusts cannot form a partnership in Connecticut either under statute, General Statutes § 33-44 (1), or by common law. Morgan v. Farrel, 58 Conn. 413, 422 (1890). "A partnership is an association of two or more persons to carry on a business for profit." CT Page 4812 General Statutes § 33-44 (1) (in effect in 1996). The Probate Court concluded: "A trust is not an entity. It is a relationship of a fiduciary character with respect to property involving fiduciary character with respect to property involving fiduciary duties. I Scott, Trusts § 2.3 (4th Ed. 1987). The assumption of fiduciary responsibility by Anne C. Pappalardo did not create a new person or entity." In re Julie A.Pappalardo Settlor and Beneficiary of the Inter Vivos Trust created onOctober 14, 1985, supra, Probate Court, District of Greenwich, p. 3-4.
Stephenson's Connecticut Civil Procedure, Third Edition contains no section on suits by a trust as an entity. It is noted that by statute unincorporated associations may sue and be sued by such name. General Statutes § 52-76. A statutory trust is permitted by statute to sue and be sued in its own name. General Statutes § 34-502b. A partnership could not be sued in its name until such a suit was authorized by statute. General Statutes § 34-328 (a).
The rule that a decedent's estate cannot sue in its own name or be sued in its own name has been consistently applied in Connecticut. The proper party is the duly appointed executor or administrator. The Estate ofRobert Henry Johnson v. Roth, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 93-0132809 5 (July 5, 1995, D'Andrea, J.) (14 Conn.L.Rptr. 542) (1995 Ct. Sup. 7491) (The plaintiff, the Estate of Robert Henry Johnson, by its administratrix timely commenced a wrongful death action. The administratrix had not been so appointed at that time by the Probate Court. Her later appointment occurred after the suit commenced and beyond the two year statute of limitation. The matter was dismissed on the basis of Isaac v. Mount SinaiHospital).
The Supreme Court in 1953 dealt with the following issue: Is it the duty of the plaintiff, as trustee for the various charities which he and his cotrustee would select, to protect the interests of these charities against extinguishment by the probating of a codicil? O'Leary v.McGuinness, supra, 140 Conn. 86. The Supreme Court held that the plaintiff, as the individual trustee, indeed had the power and the duty to institute the suit. The court held that the trustee is the legal title owner of the trust res. Id. 87. Cornwall v. Todd, 38 Conn. 443, 445
(1871). The Supreme Court found the individual trustee to be aggrieved and thus authorized to institute suit.
 The law, therefore, is well settled that a trustee under a will has a duty to protect the interests of the beneficiaries of the trust. Where those interests are adversely affected by a later will or codicil, he is aggrieved by a probate decree allowing the later CT Page 4813 will or codicil so that he may appeal therefrom. A trustee of a charitable trust has a special duty to protect the interests of the beneficiaries because the real beneficiaries are unascertainable and therefore unable to protect themselves. Averill v. Lewis, 106 Conn. 582, 591, 138 A. 815. The plaintiff is a trustee who is in that position. It can make no difference that the attorney general may also have the right of appeal, as suggested by the defendants. That does not relieve the plaintiff of his duty.
O'Leary v. McGuinness, supra, 140 Conn. 88.
The plaintiff has cited a number of cases in support of its position. This court has read those cases and finds no support for the position that a trust is a legal entity with the power to sue or be sued. Hubbardv. Hubbard, 13 Conn. Sup. 193, 195 (1945) (Children can be considered aggrieved parties for the purposes of an appeal from probate and an appeal taken by the plaintiff as next friend of the minor child was appropriate); Chase Manhattan Bank v. Gavin, 249 Conn. 172, 177 (1999) (Resident trusts as defined in General Statutes § 12-701 (a) may be taxed even though trustee and the trust corpus are located outside Connecticut. The bank as trustee commenced these lawsuits. "The court also has recognized that a trust is an `abstraction,' that for purposes of taxation it is "sometimes dealt with as though it had a separate existence'; and that it may, for such purposes, be dealt with as an "entity' consisting of `separate interests,' the equitable interest in the res of the beneficiary and the legal interest of the trustee." Id. 192; Gay Lesbian Law Students Assn. v. Board of Trustees, 236 Conn. 453,464 (1996) (Associational standing may be conferred to organizations which commenced a lawsuit in a representational capacity on behalf of their members, where the members are allegedly individually harmed. The three prong test of Hunt v. Washington State Apple AdvertisingCommission, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1997) was adopted.).
A number of treatises have discussed the fact that a trust is not an entity. The leading treatise characterizes a trust as, "a fiduciary relationship with respect to property, subjecting the person by whom the title to property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it." I Scott, Trusts § 2.3 (4th Ed. 1987). "As against a person acting adversely to the trustee, it is the trustee who is the proper party to maintain an action at law or a suit in equity." IV Scott, Trusts § 280 (4th Ed.), citing Brownv. Hart, 91 Conn. 667, 670 (1917). See also Treat v. Stanton, 14 Conn. 445
CT Page 4814 (1841) ("The right of action at law has, therefore, been wisely vested solely in the party having the strict legal title and interest." Id. 455. "In such case, the obligation and legal responsibility is exclusively to the trustee and must be enforced by him in a court of law." Id. 454.). "A charitable trust is a fiduciary relationship with respect to property arising as a result of a manifestation of an intention to create it, and subjecting the person by whom the property is held to equitable duties to deal with the property for a charitable purpose." WA Scott, Trusts § 348 (4th Ed.), citing In re Morgan'swill, 200 Misc. 645, 107 N.Y.S.2d 180 (1951) (citing Restatement, Trusts § 348: "A charitable trust is a relationship "with respect to property.' Neither a charitable trust nor a private trust can be created unless there is some property that is the subject of the trust.").
"As a general rule, the trustee is the proper person to sue or be sued on behalf of a trust." 76 Am.Jur.2d, Trusts § 656. "A trustee is a necessary party to assert or defend title to trust property, and is an indispensable party to an adjudication of rights of beneficiaries in a trust." 76 Am.Jur.2d, Trusts § 672. "Where a trust estate is liable directly on a contract or for goods or services provided it, or for a tort . . . the proper practice is either to sue the trustee as such or to join the trustee and beneficiary as defendants." 76 Am.Jur.2d, Trusts § 679.
 The person who has the right to file suit under the substantive law generally is the real party in interest. At common law, where a cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest because the trustee has legal title to the cause. The corollary to this rule is that the beneficiary of a trust generally is not the real party in interest and may not sue in the name of the trust. A trust beneficiary has no legal title or ownership interest in the trust assets; his or her right to sue is ordinarily limited to the enforcement of the trust, according to its terms. Because an ordinary express trust is not an entity separate from its trustees, an action may not be maintained in the name of the trust. Thus, absent special circumstances, an action prosecuted for the benefit of a trust estate by a person other than the trustee is not brought in the name of a real party in interest and is demurrable.
76 Am.Jur.2d, Trusts § 672. CT Page 4815
This court concludes that TRF as a testamentary trust is not a proper entity to commence litigation. Isaac v. Mount Sinai Hospital, supra,3 Conn. App. 600. A number of other jurisdictions have addressed the issue of whether a trust is an entity that can sue and be sued. These decisions support this court's decision. Coverdell v. Mid-South FarmEquipment Assn., Inc., 335 F.2d 9, 12 (6th Cir. 1964) (A trust cannot sue or be sued, but rather legal proceedings are properly directed at the trustee, citing 1 Restatement (Second), Trusts § 2, p 2. (1959); and 54 Am.Jur., Trusts §§ 570, 584, 586 and 588; Limouze v. M.M. P.Maritime Advancement, Training, Education, and Safety Program,397 F. Sup. 784, 789-90 (D. Md. 1975) (The defendant, an incorporated trust not registered as a business trust, was held to be an entity not capable of the being sued. "In the absence of statute or case law, the weight of authority is clear that the trust estate is not a person in the eyes of the law and does not have the capacity to be sued as an entity."); Yonce v. Miner's Memorial Hospital Assn., Inc.,161 F. Sup. 178, 187-88 (W.D. Va. 1958) (Suit against an unincorporated union welfare fund dismissed. Trustees of fund were not joined.).
TRF finally argues that it should have an opportunity to amend in order to join the individual trustees as the proper party plaintiffs. This Motion to Dismiss has been pending for a number of months and no such motion to amend has been filed. The court notes that TRF has been using the signature of "Trustee" in a number of its pleadings without a formal appearance being filed by the Trustees or court permission, despite Practice Book requirements. No appearance for the Trustees having been filed, no permission to join or amend having been granted, neither this court nor SPY has waived any such deficiency.
The only remaining issue is whether or not the court can grant, on equitable grounds, a request to amend the pleadings so that the Reasons for Appeal and Motion for Appeal can be taken in the name of the individual trustees as plaintiffs. This court holds that it has no to act even if such a request to amend and/or substitute was filed. In Estate ofRobert Henry Johnson v. Roth, supra, Docket No. CV93-0132809 S, discussed above, the complaint was filed on July 12, 1993; a motion to dismiss was filed on April 4, 1994 alleging no administrator had been appointed. On May 2, 1994 an administrator was appointed by the probate court. May 2, 1994 was beyond the two years from the date of death, and therefore, the statute of limitations, General Statutes § 52-555, had run. InJohnson, the plaintiff made the same argument as TRF advances in this case. In Johnson, the motion to dismiss was granted despite the correction of the status.
In Boulais v. Boulais, Superior Court, judicial district of New Haven at New Haven, Docket No. CV 94-0368009 (February 3, 1995, Hodgson, J.) CT Page 4816 (13 Conn.L.Rptr. 462) (1995 Ct. Sup. 1150) subject matter jurisdiction was raised on the grounds that the Estate of Cecile A. Boulais was not a proper plaintiff. Immediately after the notice of subject matter jurisdiction was filed, the plaintiff filed a pleading entitled "Plaintiff's Amendment of Complaint as of Right," which purportedly substituted Dianne DeCristoforo as executrix of the Estate of Cecile A. Boulais a/k/a Estelle C. Boulais as the proper plaintiff. A Motion to Dismiss was met with four arguments by the plaintiff: (1) Under General Statutes § 52-128 the "plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition . . . within the first thirty days after the return day. . . ."; (2) "The circumstantial defect statute, General Statute § 52-123, applies and provides: "No writ, pleading . . . in court . . . shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects if the person and the cause may be rightly understood and intended by the court."; (3) The court has authority to correct the misdescription of parties under Pack v. Burns, supra, 212 Conn. 3 85-86; and (4) General Statutes § 52-109 permits court flexibility to amend and/or substitute: "When any action has been commenced in the name of the wrong person" by mistake, any other person may be substituted or added as plaintiff. The Boulais court dismissed all plaintiff's arguments holding that a decedent's estate was not a legal entity authorized by law to bring suit.
The Boulais court noted that General Statutes § 52-109 was not mentioned in Isaac v. Mount Sinai Hospital. The court read General Statutes § 52-109 as allowing an amendment where a person or legal entity recognized as having the ability to sue is misidentified instead of some other proper party, not where the initial plaintiff is not a legal entity and thus, is without the ability to bring suit. "The refusal of the Appellate Court to allow amendment in Isaac v. Mt. Sinai, suggests that § 52-109 is inapplicable where the initial suit is a nullity."Boulais v. Boulais, supra, Superior Court, Docket No. CV 94-0368009. Finding that the initial suit was a nullity, the motion to dismiss for lack of subject matter jurisdiction was granted by the Boulais court. "Since the action filed in this court was brought and served on the defendant by an estate, the defendant has correctly claimed that this court lacks subject matter jurisdiction. The estate was not an entity authorized by law to bring this action. As the complaint is therefore a nullity, it cannot be saved by amendment, rather, a party authorized by law to initiate a claim may do so by bringing her own action." Id. All four attempts at amending/substituting were rebuffed in Boulais. Estateof Simmons v. Lee, Superior Court, judicial district of Windham at Putnam, Docket No. CV 99-0060312 (May 10, 1999, Shortall, J.) (24 Conn.L.Rptr. 403) (1999 Ct. Sup. 6450). CT Page 4817
Isaac v. Mt. Sinai Hospital and Boulais v. Boulais were relied on inThe Estate of Savino Caponera v. Zoning Board of Appeals for the Town ofEast Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. CV 94-0364166 S (November 17, 1995, Booth, J.) (15 Conn.L.Rptr. 391) (1995 Ct. Sup. 12520-E). The zoning application declared the property owner as the Estate of Savino Caponera. The application was denied and an appeal was taken to the Superior Court in the name of the Estate of Savino Caponera. A Motion to Dismiss was filed and preceded by the plaintiff's request for leave to file an amended complaint and citation. The court denied the request for leave to amend the complaint and citation and granted the motion to dismiss, citing Boulais v.Boulais and Isaac v. Mt. Sinai Hospital. The trial court held that a decedent's estate was not a legal entity. It never did exist and therefore the amendment provisions under the various statutes do not apply.
A trial court held that "Estate of V. Donald Schoeller" was not a proper party plaintiff to confer jurisdiction in the court.
 Since there is no legal party plaintiff before the court to prosecute the action, the court is without jurisdiction and the motion to erase must be granted . . . That being the case the defect cannot be cured by amendment. In the same factual situation of an action brought in the name of an estate as plaintiff it has been held that the suit is a nullity and that the jurisdictional defect cannot be cured by amendment or waiver.
 The plaintiff's reliance on the case of World Fire Marine Ins. Co. v. Alliance Sandblasting Co., 105 Conn. 640, is misplaced. In that case the plaintiff sued the "Alliance Sandblasting Company" describing it as a corporation when in fact it was the registered trade name under which its principal, one Julius Goodman, did business. The plaintiff was allowed to amend the description in the writ, the court holding that the identity of the defendant was the same, the name was the same and the entity was one and the same, the plaintiff's only error being a misdescription as to the defendant's status. Id. 643. In that case the defendant was an existing legal entity properly before the court. In the present case the action was not started by a legal person; it is a nullity and there is nothing before the court to amend." CT Page 4818
Estate of Schoeller v. Becker, supra, 33 Conn. Sup. 80.
On March 12, 2001 a trial court decision was published and brought to the attention of this court. Dostie v. Estate of Walter E. Doak, Superior Court, judicial district of Hartford at Hartford, Docket No. CV 00-597380 S (December 15, 2000, Rittenband, J.T.R.) (28 Conn.L.Rptr. 646). The plaintiff, Ricardo R. Dostie, Jr., was appointed the temporary administrator of the Estate of Walter E. Doak by the Probate Court, District of East Hartford. The Probate Court issued a decision on March 3, 2000 with which Mr. Dostie had a personal disagreement. He was reluctant to appeal as an individual against himself as temporary administrator and no administrator or was appointed by the Probate Court within the appeal period. Dostie did appeal and the Probate Court, in error, named the Estate of Walter E. Doak. Thereafter, Albert Doak was duly appointed Administrator of the Estate of Walter E. Doak and filed a motion to dismiss on the grounds that a decedent's estate is an entity that cannot sue or be sued.
The trial court granted the plaintiff's Motion to Amend the appeal papers finding that these facts met the requirements of a circumstantial defect under General Statutes § 52-123, the three factors of Pack v.Burns, 212 Conn. 381 (1989) and Andover Ltd. Partnership I v. Board ofTax Review of the Town of West Hartford, 232 Conn. 392 (1995).
This court does not find Dostie v. Doak persuasive authority for a number of reasons: (1) The plaintiff in Dostie was a natural person who took a Probate Appeal and no issue was raised that the plaintiff did not exist as an entity or person; (2) The person or entity named in an Appeal from Probate is not being sued as a party. The Probate Court only furnishes legal notice to certain entities and individuals. General Statutes § 45a-192 ("shall make such order of notice to persons interested as it deems reasonable."); (3) Dostie did not involve a plaintiff's standing as an entity to commerce suit; (4) The Probate Court created the error by failing to name an Administrator until the expiration of the plaintiff's appeal period. The trial court thusly noted, "the plaintiff had no alternative but to name the estate instead of the administrator since there was no administrator to name."; (5) The trial court found that the circumstantial defect was the failure of the Probate Court to name the administrator of the estate; and (6) The estate Walter E. Doak was not the appellant in that probate appeal as is TRF in this case, and thus, TRF, unlike Dostie v. Doak, is bound by General Statutes § 45a-191 (" In each appeal from probate or from the actions of commissioners, the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate."). CT Page 4819
There are outside limitations to a court's power to amend defects. Although the court should not "exalt form over substance," the liberal amendment/substitution rules do have limits. Olympia Mortgage Corp. v.Klein, 61 Conn. App. 305, 309 (2001); Beers v. Westport Bank TrustCo., 50 Conn. App. 671, 678, cert. denied, 247 Conn. 904 (1998); Coppolav. Coppola, 243 Conn. 657 (1998) ("Amended process must still comply with § 52-46a and be returned at least six days before the return date." Id. 666 n. 11. "A return day may be amended but it still must comply with the time limitations set forth in § 52-48 (b). Section 52-48 (b) requires that [a]ll process shall be made returnable not later than two months after the date of the process. . . ." Id. 666); Peabody N.E.,Inc. v. Department of Transportation, 250 Conn. 105, 128 (1999) (Accidental failure of suit statute, General Statutes § 52-592 (a), can only be used once). "The effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed." World Fire and MarineIns. Co. v. Alliance Sandblasting Co., supra, 105 Conn. 643-44.
For the reasons stated this court finds that TRF is not a legal entity. It never was a legal entity. It is a charitable trust created under Article 6 of a will that has been admitted to the Probate Court, District of Westport. The trust has not later been incorporated or formalized in any fashion other than the admission of the will to probate. The Notice of Appeal, the Motion for Appeal and Reasons for Appeal were all taken in the name of The Randolph Foundation. The individual Trustees do not appear in any of the initial litigation. The individual Trustees have not been permitted to be joined as parties in this case. No motion to amend has been filed with this court to substitute the individual Trustees as the proper party plaintiffs. Such an amendment would be denied on the basis that TRF is not a legal entity that can sue or be sued. There is no statutory authority in Connecticut for a testamentary trust to have the power to sue or be sued. There is limited case law authority in Connecticut that establishes that a testamentary trust does not have the power to sue or be sued.
The Motion to Dismiss is GRANTED.
SO ORDERED.
BY THE COURT.
TIERNEY, J. CT Page 4820